Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
Viddell Lee Heard, Bar No. 175049
lheard@lcwlegal.com
La Rita R. Turner, Bar No. 320737
lturner@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT and COUNTY OF LOS
ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL GARDNER, | Case No.: |
| Plaintiff, | Complaint Filed: January 13, 2022 |
| v. | **NOTICE OF REMOVAL OF ACTION** |
| COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES, a municipality entity; and DOES 1 through 100, inclusive,, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants County of Los Angeles and County of Los Angeles Sheriff's Department (collectively "Defendants") hereby remove to this Court the state court action described below:

1. On January 13, 2022, Plaintiff John Michael Gardner ("Plaintiff") filed a Complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles entitled *John Michael Gardner v. County of Los Angeles*

1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Sheriff's Department; County of Los Angeles, et al*. as Case Number 22STCV01427.  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1.**

2.     The Complaint alleges claims for: (1) FEHA Retaliation in violation of Gov. Code § 12940; (2) FEHA Harassment in violation of Gov. Code § 12923; (3) FEHA Discrimination in violation of Gov. Code § 12920; (4) Failure to take Corrective Action in violation of Gov. Code § 12940; (5) Private Attorney General Act ("PAGA") in violation of California Labor Code §§ 98.6, 232.5, 1102.5, 2698 – 2699.5, 6310, 6399.7, 6400, 6401, 6402, 6403, 6404, and 6407; (6) Bane Act violation Civil Code §52.1; (7) Retaliation in violation of 42 U.S.C. §1983 (Deprivation of First Amendment Freedom of Speech); and (8) Retaliation in violation of California Government Code § 53298.

3.     The first date upon which Defendants received a copy of the Complaint and Summons was January 21, 2022. A true and correct copy of the stamped Notice and Acknowledgment of Receipt confirming the January 21, 2022 service date is attached hereto as **Exhibit 2.**

4.     This action is removable to the District Court in accordance with 28 U.S.C. §§ 1331, 1441, subdivision (a) because the Complaint pleads a Seventh Cause of Action for alleged violation of 42 U.S.C. § 1983, and as such, arises under federal question jurisdiction.

5.     This Notice of Removal of Action is filed with the District Court within 30 days after receipt by Defendants of a copy of the Summons and Complaint which set forth for the first time the claims giving rise to removal under 28 U.S.C. sections 1446(a) and (b).

6.     Defendants are providing prompt notice to all adverse parties of the filing of this Notice of Removal of Action and are filing a copy of the Notice of Removal of Action with the Clerk of the Los Angeles County Superior Court. All served defendants join in and consent to this removal.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

NOTICE OF REMOVAL OF ACTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

7.    A true and correct copy of all other pleadings filed in the Los Angeles County Superior Court (including civil court docket) is attached hereto as **Exhibit 3**.

8.    To the extent the Complaint alleges a claim for cause of action other than violations of rights under the laws of the United States, said cause(s) of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

9.    For the aforementioned reasons, the above-described action now pending in the Superior Court of the State of California for the County of Los Angeles should be removed to this District Court in accordance with the provisions of 28 U.S.C. sections 1331, 1441(a), 1446(a) and (b).

Dated:  February 17, 2022                    Respectfully submitted,

                                             LIEBERT CASSIDY WHITMORE

By:  /s/   *Viddell Lee Heard*
         Geoffrey S. Sheldon
         Viddell Lee Heard
         La Rita R. Turner
         Attorneys for Defendants
         COUNTY OF LOS ANGELES
         SHERIFF'S DEPARTMENT and
         COUNTY OF LOS ANGELES

3

**Exhibit 1**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2022 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano, Deputy Clerk

Case 2:22-cv-01101   Document 1  Filed 02/17/22   Page 5 of 161   Page ID #:5

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MICHAEL GARDNER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: Superior Court of California<br>County of Los Angeles<br>Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>22STCV01427 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher Morse, Esq. 10405 San Diego Mission Road Ste 200, San Diego, CA 92108; (858) 693-8833

DATE: 01/18/2022    Sherri R. Carter Executive Officer / Clerk of Court    , Deputy
*(Fecha)*                                    *(Secretario)*    M. Mariano    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

5

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2022 09:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:22-cv-01101   Document 1   Filed 02/17/22   Page 6 of 161   Page ID #:6
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

CHRISTOPHER MORSE, ESQ. Bar No. 312248
10405 San Diego Mission Road, Suite 200
San Diego, CA 92108
Toll Free: (858) 693-8833
Email: cm@jimcunninghamlaw.com
Attorney for Petitioner JOHN MICHAEL GARDNER

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JOHN MICHAEL GARDNER,<br><br>Plaintiff,<br><br>v.<br><br><br>COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 22STCV01427<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. FEHA RETALIATION**<br>**2. FEHA HARASSMENT**<br>**3. FEHA DISCRIMINATION**<br>**4. FAILURE TO TAKE CORRECTIVE ACTION**<br>**5. PRIVATE ATTORNEYS GENERAL ACT**<br>**6. CA CIVIL CODE § 52.1**<br>**7. VIOLATION OF 42 USC § 1983**<br>**8. RETALIATION (CA GOV. CODE § 53298)**<br><br>**DEMAND FOR JURY TRIAL** |

## GENERAL ALLEGATIONS

1.  At all times relevant hereto, JOHN MICHAEL GARDNER ("Plaintiff") was and is a resident of the County of Los Angeles, State of California ("County"), and was and is a competent adult. County was and is, and at all times herein mentioned, a duly chartered county of the State of California and a legal subdivision of the state charged with governmental powers.

2.  At all times relevant hereto, County of Los Angeles Sheriff's Department ("Department") is now, and at all times herein mentioned was, the official agency of the County charged with maintaining peace and order in the community. In its capacity as a peace-keeping agency, the Department is responsible for hiring and maintaining employees whose function is to protect and serve the public at large.

3.   At all times relevant hereto, the Department was and is the public agency employer of Plaintiff.

4.   At all times relevant hereto, Plaintiff was and is a nonsworn civilian worker employed by the Department. As such, Plaintiff is a permanent employee and member of the civil service system of the County.

5.   At all times relevant hereto, the Civil Service Commission of the County of Los Angeles is and at all times mentioned herein was, a duly constituted commission of the County created by virtue of certain provisions of the Charter of the County. The Civil Service Commission is charged with the function, inter alia, of making administrative determinations relating to the appropriateness of significant discipline of employees of the County and the appropriateness of the penalties imposed upon employees of the County for misconduct based on recommendations provided by duly appointed Hearing Officers.

6.   At all times relevant hereto, the Employee Relations Commission of the County of Los Angeles is and at all times mentioned herein was, a duly constituted commission of the County created by virtue of certain provisions of the Charter of the County. The Employee Relations Commission is charged with the function, inter alia, of administering the County's Employee Relations Ordinance, which includes determining employee representation units, arranging for elections in such units, determining the validity of claims of Unfair Practice Charges filed against management and employee organizations, and acting on requests for mediation, fact finding and impasses. Additionally, the Employee Relations Commission authorizes arbitrations for minor disciplinary matters involving employees of the County.

7.   At all times relevant hereto, since 2014, the County's Office of Inspector General ("OIG") is and at all times mentioned herein was, a duly constituted department of the County Board of Supervisors created to provide independent and comprehensive oversight, monitoring of, and reporting about the Department's policies, practices, procedures and operations; the County's custody and/or detention facilities; and the departments, contractors, and employees involved with the Department. The OIG is also responsible for serving as the investigative arm of the Los Angeles County Sheriff Civilian Oversight Commission and Probation Oversight

Commission under the leadership of an Inspector General appointed by the County Board of Supervisors. The OIG is independent from the Department but operates as a County entity.

8.   Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 100, inclusive, and each of them, were, all times relevant hereto, residents of the County, and were agents, employees, partners, and/or joint venturers of Defendants and/or each other, acting as supervisors, policy-makers, managers, administrators, owners, and/or directors or in some other unknown capacity.

9.   The true names and capacities of Defendants DOES 1 through 100, and each of them, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff will file DOE amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein designated as a DOE was and is in some manner, negligently, wrongfully, or otherwise, responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

10. Plaintiff is informed and believes, and thereupon alleges, that at all times material herein the Defendants, and each of them, were the agents, servants, and employees, or ostensible agents, servants, or employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants.

11. Plaintiff is further informed and believes, and thereupon alleges, that at all relevant times hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant.

12. Venue is proper in the Superior Court of the State of California, for the County of Los Angeles, South Central District, in that the underlying acts, omissions, injuries and related facts

and circumstances giving rise to the present action occurred in the County of Los Angeles, California.

13. Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, or is excused from complying therewith pursuant to the following:

  a.  On or around June 8, 2021, Plaintiff filed a claim for damages with the County of Los Angeles. On or around August 16, 2021, Plaintiff received Defendants' rejection of Plaintiff's claim. (File Number: 21-4385170*001).

  b.  On or around June 7, 2021, Plaintiff filed a government claim with the California Department of Fair Employment and Housing. Due to mailing issues, on or around December 1, 2021, Plaintiff refiled his government claim with the California Department of Fair Employment and Housing. Subsequently, on or around December 1, 2021, Plaintiff was provided a right to sue notice from the California Department of Fair Employment and Housing. (DFEH Matter Number: 202112-15523301). The DFEH right to sue notice is attached hereto as Exhibit A.

  c.  On or around June 7, 2021, Plaintiff filed a government claim with the California Labor and Workforce Development Agency. On or around June 8, 2021, Plaintiff mailed Defendants and the PAGA Administrator a PAGA notice pursuant to Cal. Labor Code § 2699. (LWDA Case No. LWDA-CM-834236-21).

  d.  On or around June 7, 2021, Plaintiff filed a government claim with the California Department of Industrial Relations; Division of Labor and Standards Enforcement. On or around December 28, 2021, after initially participating in DLSE's investigation process, Plaintiff voluntarily withdrew his claim in order to pursue this current civil action against Defendants. (Case No. RCI-CM-834245).

**FACTUAL ALLEGATIONS**

14. Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference with the same effect as if realleged herein.

**Background**

15. Since on or around May 3, 2012, Plaintiff has been employed by the County as a Department nonsworn civilian employee. Plaintiff was initially hired as a civilian Security Assistant on or around May 3, 2012 and promoted to the position of civilian Law Enforcement Technician on or around January 4, 2016.

16. From May 27, 2013 to January 4, 2016, Plaintiff received "Outstanding" Performance Evaluation ratings, the highest rating available, for his overall rating and within all evaluation subcategories during each of these annual rating periods.

17. Plaintiff's date of birth is March 13, 1993 and his race/ethnicity is African-American.

**2-Days Suspension**

18. On or around April 14, 2017, Plaintiff contacted the Department's internal Policy of Equality ("POE") Intake Unit in order to file a complaint concerning one of his female coworkers, Law Enforcement Technician Heather Fuquay, for creating a sexually harassing environment that was threatening and made him feel uncomfortable when she solicited Plaintiff to come to her work computer while she had sexually explicit photographs accessible and/or displayed on her work computer screen.

19. At the time Plaintiff contacted the POE Intake Unit, Plaintiff and Law Enforcement Technician Heather Fuquay were both assigned to the Department's Sheriff's Information Bureau under the supervision of Captain Darren Harris. In addition, at the time when Plaintiff contacted the POE Intake Unit, Law Enforcement Technician Heather Fuquay was actively dating a sworn Department lieutenant who was friends with and had previously worked with Captain Darren Harris.

20. As a result of Plaintiff contacting the POE Intake Unit to lawfully report sexually harassing conduct, on or around May 2, 2017, Plaintiff was relieved of duty by Captain Darren

Harris and made the subject of an internal Department disciplinary investigation (Internal Affairs Bureau Case Number IV2426891).

21. During the Department's investigation of Internal Affairs Bureau Case Number IV2426891, significant evidence was discovered demonstrating Law Enforcement Technician Heather Fuquay receiving preferential, privileged, favorable, and/or special treatment within the Department's Sheriff's Information Bureau. Further evidence was discovered directly undermining Law Enforcement Technician Heather Fuquay's credibility and challenging the legitimacy of all of her statements.

22. However, despite this evidence, or perhaps as a consequence of the evidence demonstrating her preferential treatment, on February 19, 2019, the Department served Plaintiff with a 2 Days Suspension letter of intent based on the Department's investigation of Case Number IV2426891. The alleged misconduct included in the Department's letter of intent provides that Plaintiff violated Department policy by "being witnessed by a co-worker viewing inappropriate material on a Department computer while at work, including, but not limited to nude photographs."

23. On April 9, 2019, Plaintiff was returned back to work and on May 16, 2019, the Department ultimately imposed the 2 Days Suspension on Plaintiff.

24. Plaintiff was relieved of duty from May 2, 2017 to April 9, 2019 as a result of his own utilization of the POE Intake Unit process. Throughout this over two year period, Plaintiff was assigned to his home, rather than reassigned to any other position within the County as the Department's multi-year investigation progressed. Furthermore, despite Plaintiff being the undisputed initial complaining party, Law Enforcement Technician Heather Fuquay was allowed to remain assigned to the Sheriff's Information Bureau without any restrictions throughout Plaintiff's entire relieved of duty period.

25. In addition, throughout this relieved of duty period, the Department opened an additional disciplinary investigation into Plaintiff based on contrived allegations of misconduct, which will be discussed further below.

26. Plaintiff's 2 Days Suspension is currently under appeal with the Los Angeles County Employee Relations Commission (ERCOM Arb. No. 102-19). Arbitration dates for ERCOM Arb. No. 102-19 were conducted on February 13, 2020, December 6, 2021 and December 8, 2021. Closing briefs for ERCOM Arb. No. 102-19 are due on January 12, 2022.

**10-Days Suspension**

27. While Plaintiff was relieved of duty in relation to his POE Complaint concerning Law Enforcement Technician Fuquay's sexually harassing on-duty conduct (IV2426891), on June 9, 2017, the Department opened an *additional* disciplinary investigation into Plaintiff regarding allegations that he misplaced and/or stole County keys when he failed to return them when he was relieved of duty on May 2, 2017 (Internal Affairs Bureau Case Number IV2427829).

28. Plaintiff was not interviewed regarding any of the allegations concerning IV2427829 until April 10, 2018, 10 months after the Department initially opened this investigation and almost one year after Plaintiff supposedly failed to return all relevant County property when being relieved of duty.

29. On December 21, 2018, Plaintiff provided a second interview regarding IV2427829. During this second interview, Plaintiff was asked specific questions regarding whether he misplaced and/or stole County keys when being relieved of duty on May 2, 2017.

30. On January 23, 2019, Plaintiff's civilian, non-Department or County employee, ex-girlfriend was contacted by Plaintiff's supervising Operations Lieutenant, Lieutenant A.J. Rotella. Lieutenant A.J. Rotella did not specify why he was contacting Plaintiff's ex-girlfriend and even contacted her a second time after she explicitly told him that "If this is regarding John Gardner, I would like to request that you do not make any attempts to contact me in any capacity this day moving forward…"

31. On or around January 31, 2019, the Department's Internal Affairs Bureau investigation of IV2427829 **was closed**.

32. However, on or around February 28, 2019, the Department's Internal Affairs Bureau investigation Case Number IV2427829 **was reopened** and Plaintiff was asked to provide a third interview. During his third interview provided on February 28, 2019, Plaintiff was asked NO

questions regarding allegations that he misplaced and/or stole County keys and was provided an administrative rights admonition indicating that the nature of investigation was changed to also concern "…emails sent from your Department email account."

33. Ultimately, on April 4, 2019, the Department served Plaintiff with a 10 Days Suspension letter of intent containing allegations that Plaintiff violated Department policy for "on or about August 13, 2016 through January 3, 2017…transmitting, sending and/or receiving a series of non-work related email messages via the Sheriff's Data Network…" and for "on or about or between January or February 2017… [giving] yourself access authority via your Departmental identification card to all sheriff's stations."

34. Plaintiff's 10 Days Suspension letter of imposition specifically cites Department investigation Case Number IV2427829 yet does not include a single allegation regarding County keys. Plaintiff was not questioned about either of the allegations contained in Plaintiff's final 10 Days Suspension letter of imposition until after the Department reopened their investigation of Case Number IV2427829 in or around February 2019.

35. At no point from June 9, 2017 to February 28, 2019 did anyone from the Department ever indicate or represent that Case Number IV2427829 had anything to do with misuse of Department emails or access to Department stations. Furthermore, throughout this entire time period, Plaintiff remained assigned at home and would have prompted no scrutiny from relevant Department supervisors outside of their own proactive steps taken to influence and/or supplement Plaintiff's multiple disciplinary investigations.

36. The Department closed their investigation of IV2427829 on or around January 31, 2019, after a multi-year investigation period which inexplicably included a Department supervisor reaching out one of Plaintiff's ex-girlfriends. When the Department closed this investigation on or around January 31, 2019, there was no information or allegations concerning any misuse of Department emails.

37. Only after Plaintiff was provided a 2 Days Suspension letter of intent regarding his IV2426891 investigation on February 19, 2019 was this IV2427829 investigation specifically

reopened. Plaintiff was forced to provide a third interview for IV2427829 on February 28, 2019 regarding completely new allegations concerning his misuse of Department emails from 2016.

38. The entire basis for initiating Department investigation IV2427829 was completely abandoned by Defendants after almost two years of investigation. Furthermore, the timing of the Department's decision to reopen this IV2427829 investigation came immediately after the Department provided notice to Plaintiff that he would only receive a 2 Days Suspension for a multi-year and multi-agency investigation specifically initiated to retaliate against Plaintiff. This demonstrates Defendants' fraudulent utilization of the Department's disciplinary investigative process in order to purposefully harass, discriminate and retaliate against Plaintiff. The Department's reopening and closing of Case Number IV2427829 within a span of only a few months for the sole purpose of bolstering completely new allegations of misconduct represents malicious and intentional actions taken to specifically discriminate, harass and retaliate against Plaintiff. These actions have caused significant harm to Plaintiff's law enforcement career.

39. On May 16, 2019, the Department ultimately imposed the 10 Days Suspension on Plaintiff.

40. Both of Plaintiff's 2 Days and 10 Days Suspension were served on May 16, 2019 despite the Department's assertion that neither of these disciplinary investigations had anything to do with Plaintiff's utilization of the POE Complaint process. Although Plaintiff's 2019 10 Days Suspension was ultimately supported based on allegations of misuse of Department emails from 2016, the Department provided no explanation as to why these IV2427829 allegations were only scrutinized years later and/or how these new allegations were discovered within the same time frame as his 2 Days Suspension investigation. Furthermore, absolutely no explanation was provided regarding why the Department chose to close and reopen Case Number IV2427829 during the same time period when Plaintiff received his letter of intent for his 2 Days Suspension.

41. In addition, there was no explanation provided by the Department regarding what prompted the Department to change the entire scope of the Department's IV2427829 investigation upon their reopening of IV2427829. If these were new allegations of misconduct

separate from any missing keys allegation, this should have merited a completely independent investigation with an entirely separate case number. However, Case Number IV2427829 was being specifically used by the Department as a vehicle to punitively discipline Plaintiff, regardless of what allegations Case Number IV2427829 supported.

42. Most importantly, there was no evidentiary basis to motivate the inherently retaliatory timing of any of these Department investigatory changes as all evidence used to support Plaintiff's 10 Days Suspension would have been readily available to investigators since IV2427829 investigation's initiation on June 9, 2017. All of these modifications to the Department's investigation of IV2427829 were based solely on internal Department decisions made to purposefully harass, discriminate and/or retaliate against Plaintiff.

43. Either the Department already had evidence of Plaintiff misusing Department email in 2016 and neglected to act upon this evidence until deciding to reopen Case Number IV2427829, or, the Department proactively discovered this evidence from 2016 at some point in February 2019 after already deciding to close Case Number IV2427829. Up until February 28, 2019, the represented purpose of Case Number IV2427829 concerned misplaced or stolen County keys, indicating that the Department did not discover Plaintiff's 2016 misuse of Department email until after reopening Case Number IV2427829. This case processing evidences the specifically retaliatory purpose of the entirety of Case Number IV2427829.

44. Furthermore, on April 24 2019, during the *Skelly* meeting held between the Department's disciplinary decision maker for this case, Chief Lawrence Del Mese, Plaintiff, and Counsel for Plaintiff, Chief Lawrence Del Mese explained that Plaintiff's discipline, both his 2 Days Suspension and his 10 Days Suspension, were actually being imposed to make Plaintiff "stay in his box" and for him to "learn how to respect the chain of command." Chief Lawrence Del Mese also informed Plaintiff that he was not allowed to step foot in the County's Hall of Justice, where the Department's essential command staff and primary decisionmakers all work, which is an unprecedented and unfounded restriction to institute as a condition of discipline for anyone, but specifically for Plaintiff, who is a Law Enforcement Technician frequently asked and expected to deliver items and documents to the Hall of Justice.

45. Plaintiff's 10 Days Suspension is currently under appeal with the Los Angeles County Civil Service Commission (CSC Case No. 19-136). One hearing date for CSC Case No. 19-136 was conducted on February 26, 2020 and subsequent hearing dates are prospectively scheduled to be conducted on April 4, 7 and 11, 2022.

**Transfer to MET**

46. After Plaintiff was returned back to work, in or around August 2019, Plaintiff applied for a position within the Department's Mental Evaluation Team ("MET"), was told that his transfer to MET was accepted, was given a tour of the MET offices and was introduced to all MET staff as their new hire.

47. However, on or around August 12, 2019, Defendants opened a new disciplinary investigation into Plaintiff; Internal Affairs Bureau Case Number IV2490831. This new Department investigation Case Number IV2490831 was opened regarding allegations that Plaintiff's County cell phone was stolen in or around April 2019 and that he was dishonest to responding peace officers. This new Department investigation Case Number IV2490831 was opened into Plaintiff within 4 months of Plaintiff being returned to work and after a multiple year relieved of duty period where the Department was proactively seeking additional allegations of misconduct to investigate.

48. As a result, on August 14, 2019, Plaintiff was notified that his transfer to MET was being denied due to his pending Department investigation Case Number IV2490831.

49. Prior to August 14, 2019, Plaintiff was never notified that he was the subject of Department investigation Case Number IV2490831 and had not been contacted regarding any of the allegations contemplated within Case Number IV2490831.

50. Based on the foregoing, on August 15, 2019, Counsel for Plaintiff reached out to Plaintiff's Captain, Captain Rod Armalin, regarding his rejected transfer, his ongoing restricted access to the Hall of Justice, and a purported briefing that occurred amongst several of Plaintiff's coworkers when Plaintiff first returned back to work.

51. On August 20, 2019, Plaintiff filed a formal grievance with the Department regarding the Department's decision to prevent his transfer to MET.

52. On September 3, 2019, the Department notified Counsel for Plaintiff that his transfer to MET would be approved effective September 8, 2019 and indicated that Plaintiff was not restricted from accessing any specific Department facility.

53. On September 13, 2019, the Department notified Plaintiff that Department investigation Case Number IV2490831 was closed.

54. Department investigation Case Number IV2490831 was closed without ANY Department investigator ever interviewing or even reaching out to Plaintiff to attempt an interview. Department investigation Case Number IV2490831 was closed without the Department ever providing any official notice to Plaintiff that Department investigation Case Number IV2490831 was even opened. To this day, no investigative case materials regarding Case Number IV2490831 have been provided to Plaintiff.

55. Department investigation Case Number IV2490831 into Plaintiff was opened on or around August 12, 2019 and closed on or around September 13, 2019. Plaintiff's transfer to MET in August 2019 was specifically blocked due to the Department opening Case Number IV2490831 and his transfer may never have been authorized but for Plaintiff filing a grievance objecting to the Department's actions.

56. Plaintiff was never contacted pursuant to this new Department investigation asserting Plaintiff was dishonest despite the entire nature of the investigation concerning his own statements. As the Department quickly deemed the allegations from Case Number IV2490831 to be unfounded in only a month without even requiring an interview with Plaintiff, the entire basis for legitimizing Case Number IV2490831 as an official investigation, rather than analyzing this matter through a more informal inquiry or unit-level investigation, indicates that Case Number IV2490831 was initiated solely to harass, discriminate and retaliate against Plaintiff.

57. Furthermore, the Department's actions demonstrate that Plaintiff's pending disciplinary investigations have had and continue to have a legitimate negative impact on Plaintiff's reputation and perceived promotability within the Department.

**OIG Complaint**

58. On or around March 19, 2020, while assigned to MET, Plaintiff observed a sworn Department supervisor shaming those surrounding him who believed in Covid-19 by: (1) making disparaging remarks about those who believed in Covid-19, (2) creating a hostile work environment towards those who wore face masks by remarking that "we are all going to die anyways," (3) writing on a shared conference room whiteboard that "if you think you'll die from Corona virus then you yourself have a mental illness," and (4) discriminating against those who attempted to keep Department members in compliance with relevant Covid-19 health and safety protocols. This Department supervisor's actions caused a County Department of Mental Health Supervisor to become emotional and upset in front of other County and Department employees. Around 5-10 County employees, both from the Department and the County Department of Mental Health, witnessed this harassing conduct.

59. Considering the aforementioned conduct observed by Plaintiff, on March 20, 2020, Plaintiff filed an anonymous complaint, utilizing the County OIG anonymous online complaint form. In filing this OIG Complaint, Plaintiff disclosed information that he reasonably believed disclosed violations of local, state and federal polices, orders and/or statutes related to health and safety workplace requirements, and other applicable local, state and federal rules, statutes and regulations.

60. Plaintiff provided the identity of the involved Department of Mental Health Supervisor as the relevant party and did not include his own contact information in the anonymous OIG Complaint for fear of internal Department retaliation, which he inevitably faced after admitting to filing this anonymous OIG Complaint.

61. Plaintiff included contact information for the involved Department of Mental Health Supervisor in order to satisfy the OIG's online intake form submission requirement that specific contact information be provided while still maintaining his anonymity. Plaintiff did not want to include any information in the OIG Complaint potentially associating himself with the anonymous complaint as this would have undermined the fundamental purpose of using an anonymous complaint process.

62.   As a result of Plaintiff's anonymous OIG complaint, on or around March 26, 2020, Plaintiff's supervising Lieutenant sent an email to the entire MET, which includes Department and County Department of Mental Health employees across 14 regional County offices, demanding that the person who filed the anonymous OIG complaint come forward or else the Department would seek "court orders and warrants to obtain IP and ISP information and 'follow the electronic trail' to determine who the perpetrator was."

63. Plaintiff's supervising Lieutenant also represented that a similar inquiry was being undertaken by the County Department of Mental Health to find the identity of the anonymous complainer, indicating Defendants' further attempts to undermine the anonymity and legitimacy of the OIG's anonymous complaint process.

64. On or around March 26, 2020, Plaintiff was also individually summoned into his supervising Lieutenant's office and told that the OIG tapped the IP address of whoever submitted the anonymous complaint, that the person who submitted this anonymous complaint is being accused of criminally impersonating another individual, and that the person who submitted the anonymous complaint would face criminal scrutiny if they did not proactively come forward by the end of the week.

65. Based on all of the foregoing threats communicated unit-wide and personally to Plaintiff, on or around March 26, 2020, Plaintiff admitted to his supervising Lieutenant that he filed the anonymous OIG Complaint on March 20, 2020. On or around March 26, 2020, Plaintiff emailed his supervising Lieutenant a summary of their conversation wherein he admits to filing the March 20, 2020 anonymous OIG Complaint.

66. After Plaintiff revealed himself as the anonymous OIG complaint filer to his supervising Lieutenant, Plaintiff's Lieutenant assured him that he would not be subject to any criminal or administrative investigative scrutiny or face any Department retaliation for revealing himself as the anonymous OIG complaint filer.

67. However, less than a week after revealing himself to be the anonymous OIG complaint filer, on or around March 30, 2020, Plaintiff was involuntarily transferred out of MET and placed

1  "on loan" to Century Station in spite of his supervising Lieutenant's assurances that no
2  administrative action would be taken against Plaintiff.

3      68. On or around March 31, 2020, Plaintiff was texted by his supervising Lieutenant from
4  MET to provide further details, via text, about the basis of his OIG anonymous complaint. This
5  demonstrates the Department's specific awareness and understanding that Plaintiff filed the
6  March 20, 2020 anonymous OIG complaint. Furthermore, this was the only attempt made by
7  Defendants to contact Plaintiff regarding any of the underlying health and safety workplace
8  issues mentioned in his OIG Complaint. To this day, Plaintiff has never been contacted by
9  anyone from the OIG regarding any of the issues mentioned in his March 20, 2020 anonymous
10 OIG complaint.

11     69.  On or around April 15, 2020, the Department opened a new disciplinary investigation
12 into Plaintiff; Internal Affairs Bureau Case Number IV2507573. This new investigation is
13 concerning Plaintiff's utilization of the OIG anonymous complaint process and alleges that
14 Plaintiff filed a false complaint with OIG by including contact information of the involved
15 County Department of Mental Health Supervisor rather than his own contact information. This
16 new investigation was opened in spite of Plaintiff's supervising Lieutenant's assurances that no
17 administrative action would be taken against him and that he would specifically not be subjected
18 to any disciplinary investigation for utilizing the OIG complaint process. In addition, Plaintiff
19 was not notified that he is the named subject of ongoing investigation IV2507573 until over a
20 year later, as will be discussed further below.

21     70. On or around May 20, 2020, Plaintiff applied for a Law Enforcement Technician opening
22 within the Department's Major Crimes Bureau. Plaintiff did not receive this position and was
23 unaware that he was/is the subject of an active and ongoing Internal Affairs Bureau investigation
24 throughout his application process.

25     71. On or around June 7, 2020, Plaintiff had his work responsibilities reduced to
26 administrative duties processing overtime and other payroll forms.

27

28

72. On or around October 20, 2020, Plaintiff reached out to Century Station Operations to request a formal hard-item transfer to Century Station from MET and was informed that his item had already been transferred.

73. On or around January 28, 2021, Plaintiff was re-assigned to the Secretariat, had his work responsibilities reduced again, and was told by his supervising sergeant that he was on the Captain's radar.

74. On or around February 1, 2021, Plaintiff sent an email to his supervisor regarding concerns of being placed in a high-traffic area due to his underlying medical conditions and requests to work from home.

75. On or around February 2, 2021, Plaintiff was told by supervisor to remind others around him to wear their masks and that micro-management is not favored.

76. On or around February 22, 2021, Plaintiff applied for a Law Enforcement Technician opening within the Department's Special Enforcement Bureau. On or around April 2, 2021, Plaintiff was informed that he did not receive this position and was still unaware that he was/is the subject of an active and ongoing Internal Affairs Bureau investigation throughout his application process.

77. On or around April 21, 2021, Plaintiff reviewed his most recent Performance Evaluation and finally discovers that he was/is named the subject of an active Internal Affairs Bureau investigation regarding "false statements" (Case Number IV2507573).

78. As a result, on or around April 21, 2021, Counsel for Plaintiff reached out to the Internal Affairs Bureau Captain to confirm whether Plaintiff was, in fact, the subject of an ongoing Department investigation initially opened on April 15, 2020 and to request an explanation regarding why Plaintiff had not been notified that he was the named subject of Case Number IV2507573.

79. On or around April 28, 2021, the Internal Affairs Bureau Captain confirmed the existence of Department investigation Case Number IV2507573 into Plaintiff and stated "I am forwarding your concerns as to the lack of Subject notification to the unit commander, as that is their

responsibility." To this day, no communications have been received by the unit commander concerning the lack of notification to Plaintiff.

80. On or around April 29, 2021, the Department provided Plaintiff with an official Notice of Investigation for Case Number IV2507573 indicating an original Department knowledge date of March 20, 2020. This Notice of Investigation was provided over one year after the Department initially opened Case Number IV2507573, after Plaintiff's supervising Lieutenant assured him that no Department investigation would be conducted regarding his utilization of the anonymous OIG complaint process, and after already utilizing three separate disciplinary investigations from 2017 – 2019 to retaliate, discriminate and/or harass Plaintiff. The Department's failure to adhere to normal investigation notification procedures, during this specific investigation and other Department investigations opened against Plaintiff, further demonstrates the retaliatory nature of the Department's actions taken towards Plaintiff described herein.

81. On or around May 20, 2021, Plaintiff was contacted by Department investigators to provide an interview for Case Number IV2507573. On June 2, 2021, Counsel for Plaintiff requested Department investigators to provide a copy of the OIG anonymous complaint admittedly filed by Plaintiff and Department investigators *refused* to provide Plaintiff or Counsel for Plaintiff a copy of Plaintiff's submitted OIG Complaint prior to his interview.

82. On or around June 7, 2021, Plaintiff filed claims with California Department of Industrial Relations/Division of Labor Standards Enforcement; California Labor and Workforce Development Agency; and California Department of Fair Employment and Housing alleging retaliation for his utilization of the anonymous OIG complaint process to report unsafe working conditions as it relates to health and safety workplace issues.

83. On or around June 8, 2021, Plaintiff mailed a Private Attorneys General Act Notice to the County.

84. On or around June 8, 2021, Plaintiff filed a claim for damages with the County.

85. On or around June 8, 2021, Plaintiff was interviewed by Department investigators regarding Department investigation Case Number IV2507573. During this interview, no questions were posed to Plaintiff regarding any of the health and safety workplace concerns

raised by Plaintiff in his initial March 20, 2020 OIG Complaint. Plaintiff's entire interview can be characterized as purported "neutral" investigators attempting to coerce Plaintiff to admit to having an intent to deceive the Department when utilizing the anonymous OIG complaint process. To this day, Department investigation Case Number IV2507573 is still pending and continues to negatively impact Plaintiff's career, emotional and financial well-being, and reputation. No investigative case materials from Case Number IV2507573 have been provided to Plaintiff by Defendants.

86. On or around September 3, 2021, Plaintiff was informed by a previous coworker from the Sheriff's Information Bureau that he was, once again, restricted from entering the Hall of Justice. This coworker was instructed by a sworn Department supervisor, Sergeant Oscar Martinez, to inform Plaintiff of his Hall of Justice restriction, rather than Sergeant Oscar Martinez communicating this restriction to Plaintiff himself. This new Hall of Justice restriction was placed on Plaintiff because a hostile phone call was placed to the Sheriff's Information Bureau and one deputy proclaimed that the unnamed anonymous caller sounded like Plaintiff.

87. On or around September 3, 2021, Plaintiff contacted Sergeant Oscar Martinez to confirm whether he was actually restricted from entering the Hall of Justice and Sergeant Oscar Martinez confirmed to Plaintiff that he was/is restricted from accessing any of the Sheriff's Information Bureau spaces and that he needs to contact him first for approval to visit the Sheriff's Information Bureau.

88. On or around September 8, 2021, Plaintiff communicated to Sergeant Oscar Martinez that there was no credible basis for any restrictions to be placed on him and explained to Sergeant Oscar Martinez that he was promoting negative rumors based on completely unfounded speculation.

89. As a result, on or around September 8, 2021, Plaintiff filed a POE Complaint against Sergeant Oscar Martinez and the deputy responsible for spreading false rumors asserting Plaintiff placed a hostile phone call to the Sheriff's Information Bureau.

90. Although Plaintiff is still under a pending administrative investigation (Case Number IV2507573) alleging that he falsely submitted an *anonymous* OIG Complaint using someone

else's identity, on or around September 21, 2021, Plaintiff was contacted by Department Deputy Compliance Officer Linda Vaisa from the POE intake unit to provide information regarding what they characterize to be *his own* March 20, 2020 OIG Complaint. The Department specifically requested Plaintiff to provide information regarding any alleged acts of Department retaliation and, once again, failed to ask any detailed questions regarding the legitimate health and safety concerns reported by Plaintiff on March 20, 2020.

91. The Department failed to make any inquiry, or even contact Plaintiff, about any of the health and safety issues raised in his anonymous OIG Complaint and now only seeks Plaintiff's input as it relates to the County's preparation of their legal defense strategy. The Department's utilization of the POE Intake process to get information from Plaintiff to bolster their legal retaliation defense highlights the Department's utilization of relevant internal investigative processes to further whatever specific discriminatory, harassing and/or retaliatory purpose benefits Defendants, rather than adhering to any objective or neutral factfinding obligations.

92. On or around September 22, 2021, Plaintiff informed Department Deputy Compliance Officer Linda Vaisa of his ongoing retaliation labor claims and hesitation to provide any written statements about case matters that are still under active Department investigation.

### Disciplinary Appeal Related Misconduct

93. On or around December 23, 2020, Counsel for Plaintiff provided significant new evidence involving Law Enforcement Technician Heather Fuquay which fundamentally related to Law Enforcement Technician Heather Fuquay's allegations of sexual harassment and invasion of privacy supporting Plaintiff's 2 Days Suspension. This significant new evidence involved Law Enforcement Technician Heather Fuquay actively posting sexually explicit videos of herself on publicly accessible pornographic adult websites, charging users money to access some of her sexually explicit videos, and purposefully including untruthful descriptions of who she was performing sexual acts with in her video descriptions. Over 15 sexually explicit videos were posted by Law Enforcement Technician Heather Fuquay over the course of multiple years, amassing over 175,000 total video views. Furthermore, Law Enforcement Technician Heather Fuquay is designated as the Sheriff Information Bureau's social media dispatcher, which causes

her to have frequent public interactions with many different law enforcement agencies using a variety of online social media platforms. Almost all of Law Enforcement Technician Heather Fuquay's publicly posted sexually explicit videos contain prolonged images of her face and other identifying marks such as visible tattoos and piercings.

94. All of this new evidence was submitted to assigned Counsel for Department with the express request that this new information be considered grounds for reassessing the appropriateness of Plaintiff's discipline. However, no attempts were made to reassess Plaintiff's discipline and Defendants took no action regarding any of this new information towards Law Enforcement Technician Heather Fuquay. To this day, Law Enforcement Technician Heather Fuquay's sexually explicit videos are still publicly accessible despite the Department justifying Plaintiff's 2 Days Suspension on grounds of perceived Department embarrassment. From December 23, 2020 to the present, no administrative actions have presumably been taken towards Law Enforcement Technician Heather Fuquay regarding any of this new evidence.

95. Furthermore, on or around December 6, 2021, during a County Employee Relations Commission arbitration appeal hearing regarding Plaintiff's 2-Day Suspension (ERCOM Arb. No. 102-19), Captain Darren Harris specifically testified that he was never provided any of the new information submitted to Counsel for Department on December 23, 2020 despite Counsel for Department's representation that this new information would be forwarded to the Department. Either this information was never submitted by Counsel for Department to relevant Department decisionmakers or Captain Darren Harris was attempting to falsely represent that the Department was unaware of this new information provided almost a year earlier. The Department's lack of scrutiny displayed towards Law Enforcement Technician Heather Fuquay's undeniably embarrassing conduct over the course of multiple years is wholly contrary to the Department's scrutiny displayed towards Plaintiff based on his legitimate utilization of the POE and OIG complaint processes over the course of his Department career.

96. In addition, on or around December 6, 2021, during Plaintiff's 2-Day Suspension ERCOM Arb. No. 102-19 arbitration hearing, Plaintiff learned for the first time that sometime in or around mid-to-late 2020, Counsel for Department requested Department investigators to

proactively reinvestigate the allegations contained in Case Number IV2426891, **over a year after already imposing discipline and based on no new evidence or any changed circumstances**. This surreptitious request in 2020 was made over a year after the Department's imposition of Plaintiff's 2-Days Suspension on May 16, 2019 and over 3 years after Plaintiff filed his original POE Complaint on April 14, 2017.

97. The Department's 2020 reinvestigation of Plaintiff's 2-Days Suspension was undertaken for the sole purpose of bolstering Plaintiff's disciplinary case as Plaintiff was never notified of the Department's decision to reopen this IV2426891 investigation and, to this day, has not been provided any contents, summaries, notes or otherwise regarding what was uncovered pursuant to this 2020 reinvestigation of his 2-Days Suspension. No information or explanation was provided by the Department regarding why Plaintiff's 2-Days Suspension case was reopened in 2020, a year after Plaintiff already served his 2 Days Suspension in 2019 and multiple years after this case was originally investigated in 2017.

98. Furthermore, Plaintiff only became aware of this 2020 reopening of his IV2426891 investigation through cross-examination of the Department's assigned detective to this case, Detective Gerhardt Groenow, which indicates that had these questions never been asked on December 6, 2021, Plaintiff would have **never** been informed or made aware that the Department was proactively attempting to reopen this disciplinary investigation at some point in 2020. Counsel for Department also initially allowed Detective Gerhardt Groenow to falsely testify that it was the District Attorney's Office who requested IV2426891 to be reinvestigated, when during cross-examination, Detective Gerhardt Groenow clarified that it was actually Counsel for Department who requested IV2426891 to be reinvestigated.

99. In addition, the Department did not choose to reopen Plaintiff's IV2426891 investigation in light of any of the new evidence submitted by Counsel for Plaintiff on December 23, 2020. The Department's proactive decision to secretly reopen IV2426891 based on no new evidence or any changed circumstances compared to their decision to ignore all new relevant evidence submitted by Counsel for Plaintiff on December 23, 2020 further highlights the Department's discriminatory and biased disciplinary investigative practices facing Plaintiff. For no explicable

reason, at some point in 2020, the Department reopened Plaintiff's IV2426891 investigation in order to collect more evidence to support his 2 Days Suspension and did not inform Plaintiff of any of these efforts. Yet when Counsel for Plaintiff directly provides specifically relevant and new evidence to Counsel for Department on December 23, 2020, no further investigation is deemed necessary and Captain Darren Harris is not presented with any of this new information until his ERCOM Arb. No. 102-19 cross-examination almost a year later on December 6, 2021.

100.   Upon information and belief, outside of Plaintiff's case, the Department has never reopened a disciplinary internal investigation after imposing a 2 Days Suspension and already conducting a multi-year, multi-agency, and multi-volume administrative and criminal investigation, without having any new evidence to necessitate reopening the investigation. The notion that Plaintiff's 2 Days Suspension investigation was reopened in 2020 for no reason other than to further bolster his disciplinary penalty represents a fundamentally discriminatory, malicious and entirely unprecedented action indicative of Plaintiff's selectively harsh treatment within this Department.

101.   Plaintiff's Department career timeline demonstrates an outstanding employee who has become increasingly targeted by this Department since his utilization of the POE complaint process on April 14, 2017. All performance evaluation ratings and characterizations of Plaintiff's work product prior to his utilization of the POE complaint process on April 14, 2017 indicate that he was an exemplary employee on track to become a model County peace officer. However, since April 14, 2017, the Department has consistently harassed, discriminated and/or retaliated against Plaintiff by utilizing the Department's disciplinary investigative processes, amongst other retaliatory acts, to completely disrupt Plaintiff's Department employment and upend his entire law enforcement career. Defendants' actions towards Plaintiff represents explicit harassment, discrimination and retaliation, and infringes on Plaintiff's protected due process and free speech rights. Furthermore, some of Defendants' retaliatory actions were taken against Plaintiff for his decision to file a complaint with a lawful oversight agency regarding legitimate health and safety workplace concerns. Plaintiff was specifically retaliated against for attempting to file a legitimate

complaint highlighting Department attempts to circumvent local, state and federal Covid-19 health and safety protocols.

102.  As a result of the Department's actions described above, Plaintiff's Department and law enforcement career advancement prospects, Plaintiff's ability to earn income and/or other privileges and benefit, Plaintiff's promotability within the Department and County, Plaintiff's current employment opportunities, and Plaintiff's entire emotional well-being have all been adversely impacted.

## FIRST CAUSE OF ACTION

## RETALIATION (GOV. CODE § 12940)

## AGAINST ALL DEFENDANTS, AND EACH OF THEM

103.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 102 above, and incorporates same by reference as though set forth fully herein.

104.  Plaintiff engaged in legally protected activities under the FEHA by, through the filing of a lawful complaint, disclosing to the County and/or the Department information which Plaintiff had reasonable cause to believe disclosed violations of local, state and/or federal statutes, including the FEHA, local, state and/or federal orders related to health and safety workplace requirements, effective County and Department policies, and other applicable local, state, and federal rules, statutes, and regulations.

105.  Defendants retaliated against Plaintiff because he is an employee who engaged in protected reporting activities and utilized the OIG complaint process to attempt to disclose the Department's violation of state and local Covid-19 health and safety statutes and/or orders.

106.  After Plaintiff utilized the OIG complaint process to report conditions at his workplace that posed a risk to the health and safety of hundreds of County employees, Defendants retaliated against Plaintiff by, amongst other things, punitively transferring him, opening an internal investigation into him, and reducing all work responsibilities.

107.  Defendants, and each of them, and their respective supervisors, managers, officers, agents, and employees, retaliated against Plaintiff for engaging in protected activities by subjecting him to multiple adverse employment actions, stand-alone actions and/or an ongoing

series of actions, which have caused substantial and material adverse effects on the terms and conditions of Plaintiff's employment. Said actions of retaliation were a direct violation of the FEHA.

108.  A contributing cause for Defendants, and each of them, engaging in the foregoing adverse employment actions against Plaintiff was to retaliate against Plaintiff for engaging in the above-described protected activities.

109.  As a result of the aforesaid unlawful acts of Defendants, and each of them, Plaintiff has lost and may continue to lose income, wages, earnings, earning capacity, overtime, on-call pay, pension, benefits, and other economic loss, in an amount to be proven at time of trial.

110.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff has been punitively transferred, denied transfer requests, suffered reduced responsibilities, been intimidated, and faced diminished chances for promotions and better assignments within the Department.

111.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

112.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

113.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to attorneys' fees pursuant to C.C.P. § 1021.5 and other authorities, and costs in an amount according to proof.

114.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code section 3287 and/or any other provision of law providing for prejudgment interest.

1

2

3

## SECOND CAUSE OF ACTION

## HARASSMENT (GOV. CODE § 12923)

## AGAINST ALL DEFENDANTS, AND EACH OF THEM

4

5

115.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 114 above, and incorporates same by reference as though set forth fully herein.

6

7

8

116.  Plaintiff is an African-American male. Law Enforcement Technician Heather Fuquay is a Caucasian female, her Department boyfriend during the relevant time period is a Caucasian male, and Captain Darren Harris is a Caucasian male.

9

10

11

12

13

14

117.  After Plaintiff brought to light wrongdoing involving a female Caucasian coworker who was dating a male Caucasian supervisor friendly with their shared male Caucasian supervising Captain, Plaintiff was immediately relieved of duty for multiple years and has been consistently subjected to unwanted discriminatory and harassing conduct throughout all facets of his Department career since the filing of his POE Complaint. Plaintiff has also been subjected to unwanted discriminatory and harassing conduct for his filing of an anonymous OIG Complaint.

15

16

17

118.  The discriminatory and harassing conduct ranged from the opening and/or reopening of separate meritless disciplinary investigations to impeding Plaintiff's ability to carry out his job duties all of which have served to negatively impact Plaintiff's law enforcement career.

18

119.  The discriminatory and harassing conduct was and is severe or pervasive.

19

20

21

120.  A reasonable person with Plaintiff's protected characteristics in Plaintiff's circumstances would consider the environment as hostile, discriminatory and harassing as Plaintiff did.

22

23

121.   Defendants created this hostile work environment and Plaintiff was and is harmed by Defendants' discriminatory and harassing actions.

24

25

26

27

28

122.  As a direct and legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be

ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

123.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

124.  As a result, all Defendants, whose identities may be ascertained at a later date, and excluding the County which is statutorily immune, are responsible for punitive and exemplary damages in a sum according to proof at time of trial, and a sum sufficient to set an example and punish Defendants for their wrongdoing.

### THIRD CAUSE OF ACTION

### DISCRIMINATION (GOV. CODE § 12920)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

125.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 124 above, and incorporates same by reference as though set forth fully herein.

126.  Plaintiff is an African-American male. Law Enforcement Technician Heather Fuquay is a Caucasian female, her Department boyfriend during the relevant time period is a Caucasian male, and Captain Darren Harris is a Caucasian male.

127.  After Plaintiff brought to light wrongdoing involving a female Caucasian coworker who was dating a male Caucasian supervisor friendly with their shared male Caucasian supervising Captain, Plaintiff was immediately relieved of duty for multiple years and has been consistently subjected to unwanted discriminatory and harassing conduct throughout all facets of his Department career since the filing of his POE Complaint. Plaintiff has also been subjected to unwanted discriminatory and harassing conduct for his filing of an anonymous OIG Complaint.

128.  The discriminatory and harassing conduct ranged from the opening and/or reopening of separate meritless disciplinary investigations to impeding Plaintiff's ability to carry out his job duties all of which have served to negatively impact Plaintiff's law enforcement career.

129.  The discriminatory and harassing conduct was and is severe or pervasive.

130.  A reasonable person with Plaintiff's protected characteristics in Plaintiff's circumstances would consider the environment as hostile, discriminatory and harassing as Plaintiff did.

131.   Defendants created this hostile work environment and Plaintiff was and is harmed by Defendants' discriminatory and harassing actions.

132.  As a direct and legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

133.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE CORRECTIVE ACTION (GOV. CODE § 12940)
### AGAINST ALL DEFENDANTS, AND EACH OF THEM

134.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 133 above, and incorporates same by reference as though set forth fully herein.

135.  Defendant had an obligation to take corrective action to prevent further discrimination and harassment of Plaintiff, but failed to do so in violation of Cal. Gov. Code Sections 12940(k) and 12940(j)(1). Defendants failed to conduct proper investigations, implement proper policies to prevent discrimination, harassment or retaliation, and failed to properly punish those who engaged in misconduct to deter such further actions in the future. Conversely, Defendants purposefully conducted improper investigations in order to specifically harass and discriminate against Plaintiff.

136.  After Plaintiff made legitimate complaints about and opposed the harassing, discriminatory and retaliatory conduct set forth above, Defendants failed to conduct proper

investigations, implement proper policies to prevent discrimination, harassment or retaliation, and failed to take corrective action or to properly punish those who engaged in misconduct, to deter such further actions.

137.  As a direct and legal consequence of the conduct by Defendants towards Plaintiff, Plaintiff has suffered economic and non-economic damages in a sum according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### PENALTIES PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT ("PAGA")(LABOR CODE §§ 2698-2699.5)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

138.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 137 above, and incorporates same by reference as though set forth fully herein.

139.  As set forth in detail under "Factual Allegations," Defendants violated California Labor Code §§ 98.6, 232.5, 1102.5, 2699.5, 6310, 6399.7, 6400, 6401, 6402, 6403, 6404, and 6407.

140.  Under Labor Code §§ 2699, 98.6, 1102.5 for each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial.

**Violation of Labor Code §§ 232.5, 6310 and 6399.7**

141.  Under Cal. Labor Code § 232.5, no employer may discriminate against an employee who discloses information about the employer's working conditions.

142.  Under Cal. Labor Code § 6310(a), no person may be discriminated against in any manner for making an oral or written complaint to governmental agencies having statutory responsibility for or assisting with reference to employee safety or health, his or her employer, or his or her representative.

143.  Under Cal. Labor Code § 6399.7, no person shall discharge or in any manner discriminate against, any employee because such employee has filed any complaint or has instituted, or caused to be instituted, any proceeding under or related to occupational safety and health matters.

144.   As alleged above, Plaintiff reported unsafe working conditions at his Department worksite to the County OIG utilizing an anonymous complaint process. Plaintiff also included information of relevant employees from his worksite whose rights to a safe working environment were being threatened. Defendants punitively transferred Plaintiff shortly after he submitted his OIG complaint asserting legitimate health and safety workplace concerns. Defendants also surreptitiously opened an internal investigation into Plaintiff for his utilization of the *anonymous* OIG complaint process and did not inform Plaintiff of this investigation until a year after its commencement. Defendants also opened this investigation after Plaintiff's supervisor expressly represented to Plaintiff that no internal investigation would be initiated regarding his utilization of the OIG complaint process.

145.   Plaintiff's utilization of the anonymous OIG Complaint process was a substantial motivating factor for Defendants' decision to discriminate against Plaintiff. Defendants' actions were therefore in violation of Cal. Labor Code §§ 232.5, 6310 and 6399.7.

146.   As a result of the aforesaid violations, Plaintiff will seek civil penalties pursuant to Cal. Labor Code § 2699(a) and (f), and/or other provisions of law, against Defendants for violation of Cal. Labor Code §§ 232.5, 6310 and 6399.7. Pursuant to Cal. Labor Code § 2699, Plaintiff should be awarded twenty-five (25%) of all penalties due under California law.

**Violation of Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407**

147.   Cal. Labor Code §6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein. Cal. Labor Code §6401 provides that every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees.

148.   Cal. Labor Code §6402 provides that no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful.

149.  Cal. Labor Code §6403 provides that no employer shall fail or neglect to do any of the following: (a) To provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe; (b) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe; (c) To do every other thing reasonably necessary to protect the life, safety, and health of employees.

150.  Cal. Labor Code §6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful.

151.  Cal. Labor Code §6407 provides that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to his own actions and conduct.

152.  As alleged hereinabove, when the Covid-19 pandemic began to spread in California, the Department did not follow state mandated health and safety protocols and failed to proactively adopt the use of safety devices and safeguards necessary to ensure protect the life, health, and safety of Plaintiff and all aggrieved employees. Plaintiff and all aggrieved employees were forced to work in a workplace that did not practice social distancing, did not mandate use of protective gear and safety devices like face masks by all employees, and which facilitated an atmosphere of noncompliance regarding relevant Covid-19 health and safety workplace policies. Some Department supervisors even purposefully shamed those who were attempting to comply with Covid-19 health and safety workplace policies.

153.  Therefore, Defendants, and each of them, violated Cal. Labor Code §§6400, 6401, 6402, 6403, 6404, and 6407 when they failed to employ Plaintiff and other similarly situated Department employees in safe and healthful working conditions. Plaintiff and other similarly situated Department employees were employed under unsafe conditions violative of Cal-OSHA regulations and the Health and Safety Code.

154.  As a result of the aforesaid violations Plaintiff will seek civil penalties pursuant to Cal. Labor Code § 2699(a) and (f) against Defendants for each violation of Cal. Labor Code §§ 6400,

6401, 6402, 6403, 6404, and 6407. Pursuant to Cal. Labor Code § 2699, Plaintiff should be awarded twenty-five (25%) of all penalties due under California law.

**Violation of Cal. Labor Code § 98.6**

155.  Pursuant to Cal. Labor Code § 98.6(a) a person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any legally protected activity.

156.  Defendants retaliated against Plaintiff because he is an employee who engaged in legally protected reporting activities. Plaintiff used the Department's POE complaint process and the County's OIG complaint process and, in both instances, Plaintiff was retaliated against. Plaintiff engaged in lawful complaint reporting activities, which included reporting conditions at his workplace that posed a risk to the health and safety of dozens to hundreds of County employees and which involved another Department member who created a sexually harassing and hostile work environment.

157.  Under Cal. Labor Code § 98.6, an aggrieved employee can recover lost wages and a civil penalty of $10,000 for each violation.

158.  Therefore, pursuant to Cal. Labor Code § 98.6(b)(3), Plaintiff is entitled to a civil penalty of $10,000 for each violation of Cal. Labor Code § 98.6 as a result of Defendants retaliatory conduct towards Plaintiff for engaging in protected whistleblowing activities.

**Violation of Cal. Labor Code § 1102.5**

159.  Under Cal. Labor Code § 1102.5(b), an employer "shall not retaliate" against an employee for disclosing information "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance" that the employee "has reasonable cause to believe . . . discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

160.  Defendants retaliated against Plaintiff because he is an employee who engaged in protected reporting activities and utilized the OIG complaint process to attempt to disclose the Department's violation of state and local Covid-19 health and safety statute, rule and/or

regulation. Plaintiff utilized the OIG complaint process to report conditions at his workplace that posed a risk to the health and safety of hundreds of County employees.

161.  Defendants, and each of them, and their respective supervisors, managers, officers, agents, and employees, retaliated against Plaintiff for engaging in protected activities by subjecting him to multiple adverse employment actions, stand-alone actions and/or an ongoing series of actions, which have caused substantial and material adverse effects on the terms and conditions of Plaintiff's employment. Said actions of retaliation were a direct violation of Cal. Labor Code § 1102.5, and pursuant to Cal. Labor Code § 1102.6, Defendants, and each of them, have the burden of proof to demonstrate by clear and convincing evidence that each of the adverse employment actions alleged herein would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in activities protected by Cal. Labor Code § 1102.5.

162.  Under Cal. Labor Code § 1102.5(b), an employee can recover all actual damages flowing from the retaliation, including compensatory damages, lost wages, lost benefits, and emotional distress. In addition, under Cal. Labor Code § 1102.5(f), an aggrieved employee can recover a civil penalty of $10,000 against the County as a municipal corporation for each violation. As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to attorneys' fees pursuant to Cal. Labor Code § 1102.5 (j).

## SIXTH CAUSE OF ACTION

### VIOLATION OF BANE ACT (CIV. CODE § 52.1)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

163.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 162 above, and incorporates same by reference as though set forth fully herein.

164.  Plaintiff is informed, believes, and thereon alleges the Tom Bane Civil Rights Act authorizes individuals whose legal rights have been interfered with by threats, intimidation, or coercion, to bring a civil action for the interference with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. (Civ. Code, § 52.1(a)). Moreover, an

aggrieved person may bring an action for damages under Civil Code § 52, and may be awarded reasonable attorneys' fees. (Civ. Code, § 52.1(b), (h).).

165.  Defendants, acting in concert and by way of conspiracy, through threatening, intimidating, and coercive conduct attempted to interfere and did interfere with Plaintiff's ability to fulfill his lawful duties. Plaintiff reasonably believed that he would be subjected to further harassment and adverse actions, including termination, if he did not refrain from complaining about unlawful workplace practices, retaliation, and discrimination. When Plaintiff made his complaints and otherwise opposed wrongful conduct, he was deprived of his right to speak freely regarding illegalities and/or wrongful conduct committed by the Defendants as guaranteed under the Federal and California Constitutions. The aforementioned wrongful conduct by Defendants also constituted a violation of Article I, Section VII of the California Constitution (Due Process and Equal Protection) and Article I, Section II of the California Constitution (Freedom of Speech). Defendants' retaliation was in direct violation of Plaintiff's First Amendment free speech rights guaranteed under the Federal Constitution.

166.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

167.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

168.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

### (42 USC § 1983)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

169.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 168 above, and incorporates same by reference as though set forth fully herein.

170.  42 USC § 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

171.  The laws of the State of California and the California and Federal Constitutions set forth legal rights which have been violated by Defendants' wrongful conduct.

172.  The Fourteenth Amendment of the Federal Constitution places procedural constraints on the actions of government that deprive citizens of their property interests within the meaning of the Due Process Clause. Plaintiff reasonably believed that he would be subjected to further harassment and adverse actions, including termination, if he did not refrain from complaining about unlawful workplace practices, retaliation, and discrimination. The First Amendment of the Federal Constitution guarantees the rights to free speech. When Plaintiff made his complaints and otherwise opposed Defendants' wrongful conduct, he was deprived of his right to speak freely regarding illegalities and/or wrongful conduct committed by the Defendants. The aforementioned wrongful conduct by Defendants also constituted a violation of Article I, Section VII of the California Constitution (Due Process and Equal Protection) and Article I, Section II of the California Constitution (Freedom of Speech).

173.  Defendants have acted under color of law to punish Plaintiff for his exercise of free speech rights set forth in the First Amendment of the Federal Constitution and Article I, Section II of the California Constitution, when he was retaliated against for complaining about or opposing Defendants' unlawful practices and for utilizing lawful complaint processes.

174.  In taking the actions aforesaid, the Defendants, and each of them, violated 42 USC § 1983.

175.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

176.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

177.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### RETALIATION (GOV. CODE § 53298)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

178.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 177 above, and incorporates same by reference as though set forth fully herein.

179.  Cal. Gov. Code § 53298 prohibits reprisals against any employee who files a complaint regarding "gross mismanagement, a significant waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Cal. Gov. Code § 53296 (c).

180.  Plaintiff filed a specific written complaint with the OIG regarding a Department supervisor who was actively promoting noncompliance with lawful Covid-19 health and safety workplace orders, rules and regulations and was thereafter punitively transferred, placed under disciplinary investigation and subject to other retaliatory conduct as described herein. Plaintiff disclosed said information to the OIG in order to provide evidence of a substantial and specific danger to public health or safety.

181.  Defendants, and each of them, participated in or directed the retaliatory conduct, or knew of the retaliatory conduct and failed to act to prevent it.

182.  The above-cited actions of Defendants were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's statutory rights as defined in Cal. Gov. Code § 53298.

183.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

COMPLAINT FOR DAMAGES

184.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

185.  Under Cal. Gov. Code § 53298.5 (a), "any officer, manager, or supervisor who violates Section 53298 with malicious intent is punishable by a fine not to exceed ten thousand dollars ($10,000) and imprisonment in the county jail for up to a period of one year. In addition, any local agency officer, manager, or supervisor who maliciously engages in conduct prohibited by Section 53298 shall be disciplined as provided by local personnel rules and regulations."

186.  Furthermore, under Cal. Gov. Code § 53298.5 (b), "In addition to all other penalties provided by law, any local officer, manager, or supervisor who has been found by a court to have violated the provisions of Section 53298 with malicious intent shall be individually liable for damages in an action brought against him or her by the injured employee. Punitive damages may be awarded by the court where the offending party has acted with malice. Where liability has been established, the injured employee shall also be entitled to reasonable attorney's fees as provided by law."

187.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against all Defendants, and each of them, on all causes of action, for:

1. Physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages, in a sum to be ascertained according to proof;

2. Loss of wages, income, earnings, earning capacity, overtime, pension, benefits, and other economic damages in a sum to be ascertained according to proof;

3. Other actual, consequential, and/or incidental damages in a sum to be ascertained according to proof;

4.  All damages, statutory penalties and/or interest required by California law, including but not limited to Cal. Labor Code §§ 98.6, 1102.5, 2699, Cal. Gov. Code §53298.5, and all other applicable authority, for each initial and subsequent violations;

5.  An award of reasonable Attorneys' fees and costs of suit pursuant to C.C.P. § 1021.5, Cal. Labor Code §§ 1102.5 and 2699, Cal. Gov. Code §53298.5, Civ. Code, § 52.1 and all other applicable authorities;

6.  Pre-judgment interest pursuant to California Civil Code section 3287 and all other applicable authorities;

7.  Punitive damages against any ascertained individual Defendants;

8.  Such other and further relief as the Court may deem just and proper.

**DATED**: January 13, 2022

_Chris Morse_

Christopher Morse, Esq.
Attorney for PETITIONER

1

## <u>VERIFICATION</u>

2       I, John Michael Gardner, declare:

3       I have read the foregoing Complaint for Damages and know its contents. I am a real party

4   in interest, a party to this action, and am authorized to make this verification for that reason.

5       I declare the allegations relevant to my case contained therein are true to my knowledge,

6   except as to those matters which are alleged on information and belief, and as to those matters I

7   believe them to be true.

8       I declare under penalty of perjury under the law of the State of California that the

9   foregoing is true and correct to the best of my knowledge.

10

11   Executed on January ___6___, 2022 at _Los Angeles_____, California.

12

13

14                                   _____
                                              John Michael Gardner

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF VERIFICATION OF COMPLAINT FOR DAMAGES

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 1, 2021

Christopher Morse
10405 San Diego Mission Road, Suite 200
San Diego,  92108

RE:     **Notice to Complainant's Attorney**
         DFEH Matter Number: 202112-15523301
         Right to Sue: Gardner / County of Los Angeles et al.

Dear Christopher Morse:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 1, 2021

RE: **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202112-15523301
      Right to Sue: Gardner / County of Los Angeles et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 1, 2021

John Gardner
13926 Cordary Ave Apt. 43
Hawthorne, California 90250

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202112-15523301
      Right to Sue: Gardner / County of Los Angeles et al.

Dear John Gardner:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 1, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

John Gardner                                          DFEH No. 202112-15523301

                                  Complainant,

vs.

County of Los Angeles
500 W TEMPLE RM #383 Los Angeles, CA 90012
Los Angeles, California 90012

County of Los Angeles, Sheriff's Department
4700 Ramona Blvd
Monterey Park, CA 91754

                                  Respondents

_____

**1.** Respondent **County of Los Angeles** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **County of Los Angeles, Sheriff's Department** business as Co-Respondent(s).

**3.** Complainant **John Gardner**, resides in the City of **Hawthorne,** State of **California.**

**4.** Complainant alleges that on or about **September 28, 2021**, respondent took the following adverse actions:

**Complainant was harassed**.

**Complainant was discriminated against** because of complainant's race, color, other and as a result of the discrimination was denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment

-1-
*Complaint – DFEH No. 202112-15523301*

Date Filed: December 1, 2021

complaint and as a result was denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** --On March 20, 2020, County of Los Angeles Sheriff's Department ("Department") Law

Enforcement Technician John Gardner ("LET Gardner") submitted an anonymous complaint utilizing the County of Los Angeles Office of Inspector General's ("OIG") online "anonymous" complaint tool. The basis of LET Gardner's complaint surrounded the actions of a Department

Sergeant who, on March 19, 2020, was (1) making disparaging remarks about those who believed in COVID-19, (2) creating a hostile work environment towards those who wore face masks, remarking that "we are all going to die anyways," and (3) discriminating against those

who attempted to keep Department members in compliance with relevant COVID-19 Department health and safety protocols. This Department Sergeant's actions allegedly caused a County

Department of Mental Health Supervisor to become emotional in front of other County workers. Around 5-1 O County of Los Angeles employees allegedly witnessed this Sergeant's harassing

conduct reported by LET Gardner utilizing the OIG's anonymous online complaint tool.
--LET Gardner filled out this anonymous complaint form on his cell phone, provided the identity of the involved Department of Mental Health Supervisor as the relevant party, and did not include his own contact information for fear of internal Department retaliation and based on his

understanding that the entire premise of utilizing an anonymous complaint process would not

necessitate identifying himself or including his own contact information. However, on March 26, 2020, 6 days after LET Gardner submitted his anonymous OIG complaint, LET Gardner's

supervising Lieutenant sent an email to the entire Mental Evaluation Team asking whoever filed the complaint to come forward in order to avoid criminal prosecution.
--LET Gardner was also personally summoned into his supervising Lieutenant's office, was told that the OIG tapped the IP address of whoever submitted the anonymous complaint, was told

that the person who submitted this anonymous complaint was being accused of impersonating another individual, and was told that the person who submitted the anonymous complaint would face criminal scrutiny if they did not proactively come forward by the end of the week. This personal meeting caused LET Gardner to believe that his supervising Lieutenant already knew his identity as the anonymous complainer so, as a result, LET Gardner came forward to his Lieutenant in order to avoid the potential criminal scrutiny and additional Department retaliation threatened by his Lieutenant in his unit-wide email.
--After this exchange between LET Gardner and his supervising Lieutenant, LET Gardner's Lieutenant assured LET Gardner that he would not be subject to any further criminal or

-2-

Date Filed: December 1, 2021

DFEH-ENF 80 RS

50

administrative investigative scrutiny or any Department retaliation. However, by March 30, 2020, LET Gardner was transferred out of the Mental Evaluation Team, against his wishes and in express contradiction to his Lieutenant's assurances that LET Gardner would face no changes to his work status as a result of being forced to identify himself as an OIG anonymous complainer. --Since LET Gardner was forced to reveal himself as an anonymous OIG complainer to his supervisor, LET Gardner has been twice transferred, denied opportunities to transfer despite being well-qualified for the transfers, denied medical accommodations and has had all work responsibilities limited. Most significantly, despite his Lieutenant's representation to the contrary, LET Gardner has been under administrative investigation for over a year and was not informed that he was under investigation until April 29, 2021. Rather than investigate any of the legitimate issues from LET Gardner's OIG complaint, the Department continues to wrongfully scrutinize LET Gardner and has permanently undermined the "anonymous" OIG complaint process. LET Gardner is currently under administrative investigation and continues to suffer ongoing harm.

-3-
*Complaint – DFEH No. 202112-15523301*

Date Filed: December 1, 2021

1  VERIFICATION

2  I, **Christopher Morse**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On December 1, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -4-
                         *Complaint – DFEH No. 202112-15523301*
27
   Date Filed: December 1, 2021
28

                                                              DFEH-ENF 80 RS

                                                              52

# Exhibit 2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 312248 | FOR COURT USE ONLY |
|---|---|
| NAME: Christopher Morse | |
| FIRM NAME: | |
| STREET ADDRESS: 10405 San Diego Mission Road, Ste 200 | BOARD OF SUPERVISORS |
| CITY: San Diego   STATE: CA   ZIP CODE: 92108 | COUNTY OF LOS ANGELES |
| TELEPHONE NO.: 661-645-7241   FAX NO.: | FILED |
| E-MAIL ADDRESS: cm@jimcunninghamlaw.com | |
| ATTORNEY FOR (Name): John Michael Gardner | 2022 JAN 21   A 7:55 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill St. |
| MAILING ADDRESS: 111 N. Hill St. |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk |

| Plaintiff/Petitioner: John Michael Gardner |
|---|
| Defendant/Respondent: County of Los Angeles; County of Los Angeles Sheriff's Dept |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV01427 |
|---|---|

TO (insert name of party being served): County of Los Angeles

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 19, 2022

Christopher Morse
(TYPE OR PRINT NAME)

*Christopher Morse*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify):

A copy of the summons, complaint, notice of case assignment, ADR Information package, DFEH Complaint and Right to Sue Notice provided by DFEH to John Gardner, and civil case cover sheet

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Exhibit 3



THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|-----------------|------------------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family,... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access

LANGUAGE ACCESS

English

## CASE INFORMATION

PRINT    NEW SEARCH

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 22STCV01427
JOHN MICHAEL GARDNER VS COUNTY OF LOS ANGELES, ET AL.

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:** 01/13/2022
**Case Type:** Other Employment Complaint Case (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**05/04/2022** at 08:30 AM in Department 32 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion for Order PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4

**05/13/2022** at 08:30 AM in Department 32 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

1 - 100 DOES - Defendant

COUNTY OF LOS ANGELES - Defendant

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT - Defendant

GARDNER JOHN MICHAEL - Plaintiff

MORSE CHRISTOPHER MICHAEL - Attorney for Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**01/24/2022** Petition (PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4)
Filed by John Michael Gardner (Plaintiff)

**01/18/2022** Summons (on Complaint)
Filed by John Michael Gardner (Plaintiff)

**01/18/2022** Civil Case Cover Sheet
Filed by John Michael Gardner (Plaintiff)

**01/13/2022** Notice of Case Management Conference
Filed by Clerk

**01/13/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**01/13/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**01/13/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**01/13/2022** Alternate Dispute Resolution Packet
Filed by Clerk

**01/13/2022** Complaint
Filed by John Michael Gardner (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**01/24/2022** Petition (PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4)
Filed by John Michael Gardner (Plaintiff)

**01/18/2022** Summons (on Complaint)
Filed by John Michael Gardner (Plaintiff)

**01/18/2022** Civil Case Cover Sheet
Filed by John Michael Gardner (Plaintiff)

**01/13/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**01/13/2022** Notice of Case Management Conference
Filed by Clerk

**01/13/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**01/13/2022** Alternate Dispute Resolution Packet
Filed by Clerk

**01/13/2022** Complaint
Filed by John Michael Gardner (Plaintiff)

**01/13/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

NEW SEARCH

| Privacy Statement | Disclaimer | Employment | ADA | Holidays | Comment on our Website | Copyright © 2022 Superior Court of California, County of Los Angeles |

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2022 09:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

Case 2:22-cv-01101   Document 1   Filed 02/17/22   Page 59 of 161   Page ID #:59

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

1   CHRISTOPHER MORSE, ESQ. Bar No. 312248
2   10405 San Diego Mission Road, Suite 200
    San Diego, CA 92108
3   Toll Free: (858) 693-8833
    Email: cm@jimcunninghamlaw.com
4   Attorney for Petitioner JOHN MICHAEL GARDNER

5              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
6                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| 7   JOHN MICHAEL GARDNER, | Case No. 22STCV01427 |
| 8        Plaintiff, | |
| 9              v. | **COMPLAINT FOR DAMAGES:** |
| 10 | **1. FEHA RETALIATION** |
| 11  COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS | **2. FEHA HARASSMENT** |
| 12  ANGELES, a municipal entity; and DOES 1 through 100, inclusive, | **3. FEHA DISCRIMINATION** **4. FAILURE TO TAKE** **    CORRECTIVE ACTION** |
| 13 | **5. PRIVATE ATTORNEYS** **    GENERAL ACT** |
| 14       Defendants. | **6. CA CIVIL CODE § 52.1** |
| 15 | **7. VIOLATION OF 42 USC § 1983** **8. RETALIATION (CA GOV.** |
| 16 | **    CODE § 53298)** |
| 17 | **DEMAND FOR JURY TRIAL** |

18

19                    <u>**GENERAL ALLEGATIONS**</u>

20      1.   At all times relevant hereto, JOHN MICHAEL GARDNER ("Plaintiff") was and is a

21   resident of the County of Los Angeles, State of California ("County"), and was and is a

22   competent adult. County was and is, and at all times herein mentioned, a duly chartered county

23   of the State of California and a legal subdivision of the state charged with governmental powers.

24      2.   At all times relevant hereto, County of Los Angeles Sheriff's Department ("Department")

25   is now, and at all times herein mentioned was, the official agency of the County charged with

26   maintaining peace and order in the community. In its capacity as a peace-keeping agency, the

27   Department is responsible for hiring and maintaining employees whose function is to protect and

28   serve the public at large.

3.   At all times relevant hereto, the Department was and is the public agency employer of Plaintiff.

4.   At all times relevant hereto, Plaintiff was and is a nonsworn civilian worker employed by the Department. As such, Plaintiff is a permanent employee and member of the civil service system of the County.

5.   At all times relevant hereto, the Civil Service Commission of the County of Los Angeles is and at all times mentioned herein was, a duly constituted commission of the County created by virtue of certain provisions of the Charter of the County. The Civil Service Commission is charged with the function, inter alia, of making administrative determinations relating to the appropriateness of significant discipline of employees of the County and the appropriateness of the penalties imposed upon employees of the County for misconduct based on recommendations provided by duly appointed Hearing Officers.

6.   At all times relevant hereto, the Employee Relations Commission of the County of Los Angeles is and at all times mentioned herein was, a duly constituted commission of the County created by virtue of certain provisions of the Charter of the County. The Employee Relations Commission is charged with the function, inter alia, of administering the County's Employee Relations Ordinance, which includes determining employee representation units, arranging for elections in such units, determining the validity of claims of Unfair Practice Charges filed against management and employee organizations, and acting on requests for mediation, fact finding and impasses. Additionally, the Employee Relations Commission authorizes arbitrations for minor disciplinary matters involving employees of the County.

7.   At all times relevant hereto, since 2014, the County's Office of Inspector General ("OIG") is and at all times mentioned herein was, a duly constituted department of the County Board of Supervisors created to provide independent and comprehensive oversight, monitoring of, and reporting about the Department's policies, practices, procedures and operations; the County's custody and/or detention facilities; and the departments, contractors, and employees involved with the Department. The OIG is also responsible for serving as the investigative arm of the Los Angeles County Sheriff Civilian Oversight Commission and Probation Oversight

Commission under the leadership of an Inspector General appointed by the County Board of Supervisors. The OIG is independent from the Department but operates as a County entity.

8.   Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 100, inclusive, and each of them, were, all times relevant hereto, residents of the County, and were agents, employees, partners, and/or joint venturers of Defendants and/or each other, acting as supervisors, policy-makers, managers, administrators, owners, and/or directors or in some other unknown capacity.

9.   The true names and capacities of Defendants DOES 1 through 100, and each of them, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff will file DOE amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each Defendant herein designated as a DOE was and is in some manner, negligently, wrongfully, or otherwise, responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

10. Plaintiff is informed and believes, and thereupon alleges, that at all times material herein the Defendants, and each of them, were the agents, servants, and employees, or ostensible agents, servants, or employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants.

11. Plaintiff is further informed and believes, and thereupon alleges, that at all relevant times hereto, Defendants, and each of them, acted in concert and in furtherance of the interests of each other Defendant.

12. Venue is proper in the Superior Court of the State of California, for the County of Los Angeles, South Central District, in that the underlying acts, omissions, injuries and related facts

1    and circumstances giving rise to the present action occurred in the County of Los Angeles,

2    California.

3        13. Plaintiff has complied with and/or exhausted any applicable claims statutes and/or

4    administrative and/or internal remedies and/or grievance procedures, or is excused from

5    complying therewith pursuant to the following:

6        a.   On or around June 8, 2021, Plaintiff filed a claim for damages with the County of Los

7             Angeles. On or around August 16, 2021, Plaintiff received Defendants' rejection of

8             Plaintiff's claim. (File Number: 21-4385170*001).

9        b.   On or around June 7, 2021, Plaintiff filed a government claim with the California

10            Department of Fair Employment and Housing. Due to mailing issues, on or around

11            December 1, 2021, Plaintiff refiled his government claim with the California Department

12            of Fair Employment and Housing. Subsequently, on or around December 1, 2021,

13            Plaintiff was provided a right to sue notice from the California Department of Fair

14            Employment and Housing. (DFEH Matter Number: 202112-15523301). The DFEH right

15            to sue notice is attached hereto as Exhibit A.

16       c.   On or around June 7, 2021, Plaintiff filed a government claim with the California Labor

17            and Workforce Development Agency. On or around June 8, 2021, Plaintiff mailed

18            Defendants and the PAGA Administrator a PAGA notice pursuant to Cal. Labor Code §

19            2699. (LWDA Case No. LWDA-CM-834236-21).

20       d.   On or around June 7, 2021, Plaintiff filed a government claim with the California

21            Department of Industrial Relations; Division of Labor and Standards Enforcement. On or

22            around December 28, 2021, after initially participating in DLSE's investigation process,

23            Plaintiff voluntarily withdrew his claim in order to pursue this current civil action against

24            Defendants. (Case No. RCI-CM-834245).

25

26

27

28

1

## **FACTUAL ALLEGATIONS**

2   14. Each and every allegation set forth in the preceding paragraphs is incorporated herein by

3   reference with the same effect as if realleged herein.

4   ### **Background**

5   15. Since on or around May 3, 2012, Plaintiff has been employed by the County as a

6   Department nonsworn civilian employee. Plaintiff was initially hired as a civilian Security

7   Assistant on or around May 3, 2012 and promoted to the position of civilian Law Enforcement

8   Technician on or around January 4, 2016.

9   16. From May 27, 2013 to January 4, 2016, Plaintiff received "Outstanding" Performance

10   Evaluation ratings, the highest rating available, for his overall rating and within all evaluation

11   subcategories during each of these annual rating periods.

12   17. Plaintiff's date of birth is March 13, 1993 and his race/ethnicity is African-American.

13   ### **2-Days Suspension**

14   18. On or around April 14, 2017, Plaintiff contacted the Department's internal Policy of

15   Equality ("POE") Intake Unit in order to file a complaint concerning one of his female

16   coworkers, Law Enforcement Technician Heather Fuquay, for creating a sexually harassing

17   environment that was threatening and made him feel uncomfortable when she solicited Plaintiff

18   to come to her work computer while she had sexually explicit photographs accessible and/or

19   displayed on her work computer screen.

20   19. At the time Plaintiff contacted the POE Intake Unit, Plaintiff and Law Enforcement

21   Technician Heather Fuquay were both assigned to the Department's Sheriff's Information

22   Bureau under the supervision of Captain Darren Harris. In addition, at the time when Plaintiff

23   contacted the POE Intake Unit, Law Enforcement Technician Heather Fuquay was actively

24   dating a sworn Department lieutenant who was friends with and had previously worked with

25   Captain Darren Harris.

26   20. As a result of Plaintiff contacting the POE Intake Unit to lawfully report sexually

27   harassing conduct, on or around May 2, 2017, Plaintiff was relieved of duty by Captain Darren

28

Harris and made the subject of an internal Department disciplinary investigation (Internal Affairs Bureau Case Number IV2426891).

21. During the Department's investigation of Internal Affairs Bureau Case Number IV2426891, significant evidence was discovered demonstrating Law Enforcement Technician Heather Fuquay receiving preferential, privileged, favorable, and/or special treatment within the Department's Sheriff's Information Bureau. Further evidence was discovered directly undermining Law Enforcement Technician Heather Fuquay's credibility and challenging the legitimacy of all of her statements.

22. However, despite this evidence, or perhaps as a consequence of the evidence demonstrating her preferential treatment, on February 19, 2019, the Department served Plaintiff with a 2 Days Suspension letter of intent based on the Department's investigation of Case Number IV2426891. The alleged misconduct included in the Department's letter of intent provides that Plaintiff violated Department policy by "being witnessed by a co-worker viewing inappropriate material on a Department computer while at work, including, but not limited to nude photographs."

23. On April 9, 2019, Plaintiff was returned back to work and on May 16, 2019, the Department ultimately imposed the 2 Days Suspension on Plaintiff.

24. Plaintiff was relieved of duty from May 2, 2017 to April 9, 2019 as a result of his own utilization of the POE Intake Unit process. Throughout this over two year period, Plaintiff was assigned to his home, rather than reassigned to any other position within the County as the Department's multi-year investigation progressed. Furthermore, despite Plaintiff being the undisputed initial complaining party, Law Enforcement Technician Heather Fuquay was allowed to remain assigned to the Sheriff's Information Bureau without any restrictions throughout Plaintiff's entire relieved of duty period.

25. In addition, throughout this relieved of duty period, the Department opened an additional disciplinary investigation into Plaintiff based on contrived allegations of misconduct, which will be discussed further below.

26. Plaintiff's 2 Days Suspension is currently under appeal with the Los Angeles County Employee Relations Commission (ERCOM Arb. No. 102-19). Arbitration dates for ERCOM Arb. No. 102-19 were conducted on February 13, 2020, December 6, 2021 and December 8, 2021. Closing briefs for ERCOM Arb. No. 102-19 are due on January 12, 2022.

**10-Days Suspension**

27. While Plaintiff was relieved of duty in relation to his POE Complaint concerning Law Enforcement Technician Fuquay's sexually harassing on-duty conduct (IV2426891), on June 9, 2017, the Department opened an *additional* disciplinary investigation into Plaintiff regarding allegations that he misplaced and/or stole County keys when he failed to return them when he was relieved of duty on May 2, 2017 (Internal Affairs Bureau Case Number IV2427829).

28. Plaintiff was not interviewed regarding any of the allegations concerning IV2427829 until April 10, 2018, 10 months after the Department initially opened this investigation and almost one year after Plaintiff supposedly failed to return all relevant County property when being relieved of duty.

29. On December 21, 2018, Plaintiff provided a second interview regarding IV2427829. During this second interview, Plaintiff was asked specific questions regarding whether he misplaced and/or stole County keys when being relieved of duty on May 2, 2017.

30. On January 23, 2019, Plaintiff's civilian, non-Department or County employee, ex-girlfriend was contacted by Plaintiff's supervising Operations Lieutenant, Lieutenant A.J. Rotella. Lieutenant A.J. Rotella did not specify why he was contacting Plaintiff's ex-girlfriend and even contacted her a second time after she explicitly told him that "If this is regarding John Gardner, I would like to request that you do not make any attempts to contact me in any capacity this day moving forward…"

31. On or around January 31, 2019, the Department's Internal Affairs Bureau investigation of IV2427829 **was closed**.

32. However, on or around February 28, 2019, the Department's Internal Affairs Bureau investigation Case Number IV2427829 **was reopened** and Plaintiff was asked to provide a third interview. During his third interview provided on February 28, 2019, Plaintiff was asked NO

questions regarding allegations that he misplaced and/or stole County keys and was provided an administrative rights admonition indicating that the nature of investigation was changed to also concern "…emails sent from your Department email account."

33. Ultimately, on April 4, 2019, the Department served Plaintiff with a 10 Days Suspension letter of intent containing allegations that Plaintiff violated Department policy for "on or about August 13, 2016 through January 3, 2017…transmitting, sending and/or receiving a series of non-work related email messages via the Sheriff's Data Network…" and for "on or about or between January or February 2017… [giving] yourself access authority via your Departmental identification card to all sheriff's stations."

34. Plaintiff's 10 Days Suspension letter of imposition specifically cites Department investigation Case Number IV2427829 yet does not include a single allegation regarding County keys. Plaintiff was not questioned about either of the allegations contained in Plaintiff's final 10 Days Suspension letter of imposition until after the Department reopened their investigation of Case Number IV2427829 in or around February 2019.

35. At no point from June 9, 2017 to February 28, 2019 did anyone from the Department ever indicate or represent that Case Number IV2427829 had anything to do with misuse of Department emails or access to Department stations. Furthermore, throughout this entire time period, Plaintiff remained assigned at home and would have prompted no scrutiny from relevant Department supervisors outside of their own proactive steps taken to influence and/or supplement Plaintiff's multiple disciplinary investigations.

36. The Department closed their investigation of IV2427829 on or around January 31, 2019, after a multi-year investigation period which inexplicably included a Department supervisor reaching out one of Plaintiff's ex-girlfriends. When the Department closed this investigation on or around January 31, 2019, there was no information or allegations concerning any misuse of Department emails.

37. Only after Plaintiff was provided a 2 Days Suspension letter of intent regarding his IV2426891 investigation on February 19, 2019 was this IV2427829 investigation specifically

reopened. Plaintiff was forced to provide a third interview for IV2427829 on February 28, 2019 regarding completely new allegations concerning his misuse of Department emails from 2016.

38. The entire basis for initiating Department investigation IV2427829 was completely abandoned by Defendants after almost two years of investigation. Furthermore, the timing of the Department's decision to reopen this IV2427829 investigation came immediately after the Department provided notice to Plaintiff that he would only receive a 2 Days Suspension for a multi-year and multi-agency investigation specifically initiated to retaliate against Plaintiff. This demonstrates Defendants' fraudulent utilization of the Department's disciplinary investigative process in order to purposefully harass, discriminate and retaliate against Plaintiff. The Department's reopening and closing of Case Number IV2427829 within a span of only a few months for the sole purpose of bolstering completely new allegations of misconduct represents malicious and intentional actions taken to specifically discriminate, harass and retaliate against Plaintiff. These actions have caused significant harm to Plaintiff's law enforcement career.

39. On May 16, 2019, the Department ultimately imposed the 10 Days Suspension on Plaintiff.

40. Both of Plaintiff's 2 Days and 10 Days Suspension were served on May 16, 2019 despite the Department's assertion that neither of these disciplinary investigations had anything to do with Plaintiff's utilization of the POE Complaint process. Although Plaintiff's 2019 10 Days Suspension was ultimately supported based on allegations of misuse of Department emails from 2016, the Department provided no explanation as to why these IV2427829 allegations were only scrutinized years later and/or how these new allegations were discovered within the same time frame as his 2 Days Suspension investigation. Furthermore, absolutely no explanation was provided regarding why the Department chose to close and reopen Case Number IV2427829 during the same time period when Plaintiff received his letter of intent for his 2 Days Suspension.

41. In addition, there was no explanation provided by the Department regarding what prompted the Department to change the entire scope of the Department's IV2427829 investigation upon their reopening of IV2427829. If these were new allegations of misconduct

separate from any missing keys allegation, this should have merited a completely independent investigation with an entirely separate case number. However, Case Number IV2427829 was being specifically used by the Department as a vehicle to punitively discipline Plaintiff, regardless of what allegations Case Number IV2427829 supported.

42. Most importantly, there was no evidentiary basis to motivate the inherently retaliatory timing of any of these Department investigatory changes as all evidence used to support Plaintiff's 10 Days Suspension would have been readily available to investigators since IV2427829 investigation's initiation on June 9, 2017. All of these modifications to the Department's investigation of IV2427829 were based solely on internal Department decisions made to purposefully harass, discriminate and/or retaliate against Plaintiff.

43. Either the Department already had evidence of Plaintiff misusing Department email in 2016 and neglected to act upon this evidence until deciding to reopen Case Number IV2427829, or, the Department proactively discovered this evidence from 2016 at some point in February 2019 after already deciding to close Case Number IV2427829. Up until February 28, 2019, the represented purpose of Case Number IV2427829 concerned misplaced or stolen County keys, indicating that the Department did not discover Plaintiff's 2016 misuse of Department email until after reopening Case Number IV2427829. This case processing evidences the specifically retaliatory purpose of the entirety of Case Number IV2427829.

44. Furthermore, on April 24 2019, during the *Skelly* meeting held between the Department's disciplinary decision maker for this case, Chief Lawrence Del Mese, Plaintiff, and Counsel for Plaintiff, Chief Lawrence Del Mese explained that Plaintiff's discipline, both his 2 Days Suspension and his 10 Days Suspension, were actually being imposed to make Plaintiff "stay in his box" and for him to "learn how to respect the chain of command." Chief Lawrence Del Mese also informed Plaintiff that he was not allowed to step foot in the County's Hall of Justice, where the Department's essential command staff and primary decisionmakers all work, which is an unprecedented and unfounded restriction to institute as a condition of discipline for anyone, but specifically for Plaintiff, who is a Law Enforcement Technician frequently asked and expected to deliver items and documents to the Hall of Justice.

45. Plaintiff's 10 Days Suspension is currently under appeal with the Los Angeles County Civil Service Commission (CSC Case No. 19-136). One hearing date for CSC Case No. 19-136 was conducted on February 26, 2020 and subsequent hearing dates are prospectively scheduled to be conducted on April 4, 7 and 11, 2022.

**Transfer to MET**

46. After Plaintiff was returned back to work, in or around August 2019, Plaintiff applied for a position within the Department's Mental Evaluation Team ("MET"), was told that his transfer to MET was accepted, was given a tour of the MET offices and was introduced to all MET staff as their new hire.

47. However, on or around August 12, 2019, Defendants opened a new disciplinary investigation into Plaintiff; Internal Affairs Bureau Case Number IV2490831. This new Department investigation Case Number IV2490831 was opened regarding allegations that Plaintiff's County cell phone was stolen in or around April 2019 and that he was dishonest to responding peace officers. This new Department investigation Case Number IV2490831 was opened into Plaintiff within 4 months of Plaintiff being returned to work and after a multiple year relieved of duty period where the Department was proactively seeking additional allegations of misconduct to investigate.

48. As a result, on August 14, 2019, Plaintiff was notified that his transfer to MET was being denied due to his pending Department investigation Case Number IV2490831.

49. Prior to August 14, 2019, Plaintiff was never notified that he was the subject of Department investigation Case Number IV2490831 and had not been contacted regarding any of the allegations contemplated within Case Number IV2490831.

50. Based on the foregoing, on August 15, 2019, Counsel for Plaintiff reached out to Plaintiff's Captain, Captain Rod Armalin, regarding his rejected transfer, his ongoing restricted access to the Hall of Justice, and a purported briefing that occurred amongst several of Plaintiff's coworkers when Plaintiff first returned back to work.

51. On August 20, 2019, Plaintiff filed a formal grievance with the Department regarding the Department's decision to prevent his transfer to MET.

52. On September 3, 2019, the Department notified Counsel for Plaintiff that his transfer to MET would be approved effective September 8, 2019 and indicated that Plaintiff was not restricted from accessing any specific Department facility.

53. On September 13, 2019, the Department notified Plaintiff that Department investigation Case Number IV2490831 was closed.

54. Department investigation Case Number IV2490831 was closed without ANY Department investigator ever interviewing or even reaching out to Plaintiff to attempt an interview. Department investigation Case Number IV2490831 was closed without the Department ever providing any official notice to Plaintiff that Department investigation Case Number IV2490831 was even opened. To this day, no investigative case materials regarding Case Number IV2490831 have been provided to Plaintiff.

55. Department investigation Case Number IV2490831 into Plaintiff was opened on or around August 12, 2019 and closed on or around September 13, 2019. Plaintiff's transfer to MET in August 2019 was specifically blocked due to the Department opening Case Number IV2490831 and his transfer may never have been authorized but for Plaintiff filing a grievance objecting to the Department's actions.

56. Plaintiff was never contacted pursuant to this new Department investigation asserting Plaintiff was dishonest despite the entire nature of the investigation concerning his own statements. As the Department quickly deemed the allegations from Case Number IV2490831 to be unfounded in only a month without even requiring an interview with Plaintiff, the entire basis for legitimizing Case Number IV2490831 as an official investigation, rather than analyzing this matter through a more informal inquiry or unit-level investigation, indicates that Case Number IV2490831 was initiated solely to harass, discriminate and retaliate against Plaintiff.

57. Furthermore, the Department's actions demonstrate that Plaintiff's pending disciplinary investigations have had and continue to have a legitimate negative impact on Plaintiff's reputation and perceived promotability within the Department.

**OIG Complaint**

58. On or around March 19, 2020, while assigned to MET, Plaintiff observed a sworn Department supervisor shaming those surrounding him who believed in Covid-19 by: (1) making disparaging remarks about those who believed in Covid-19, (2) creating a hostile work environment towards those who wore face masks by remarking that "we are all going to die anyways," (3) writing on a shared conference room whiteboard that "if you think you'll die from Corona virus then you yourself have a mental illness," and (4) discriminating against those who attempted to keep Department members in compliance with relevant Covid-19 health and safety protocols. This Department supervisor's actions caused a County Department of Mental Health Supervisor to become emotional and upset in front of other County and Department employees. Around 5-10 County employees, both from the Department and the County Department of Mental Health, witnessed this harassing conduct.

59. Considering the aforementioned conduct observed by Plaintiff, on March 20, 2020, Plaintiff filed an anonymous complaint, utilizing the County OIG anonymous online complaint form. In filing this OIG Complaint, Plaintiff disclosed information that he reasonably believed disclosed violations of local, state and federal polices, orders and/or statutes related to health and safety workplace requirements, and other applicable local, state and federal rules, statutes and regulations.

60. Plaintiff provided the identity of the involved Department of Mental Health Supervisor as the relevant party and did not include his own contact information in the anonymous OIG Complaint for fear of internal Department retaliation, which he inevitably faced after admitting to filing this anonymous OIG Complaint.

61. Plaintiff included contact information for the involved Department of Mental Health Supervisor in order to satisfy the OIG's online intake form submission requirement that specific contact information be provided while still maintaining his anonymity. Plaintiff did not want to include any information in the OIG Complaint potentially associating himself with the anonymous complaint as this would have undermined the fundamental purpose of using an anonymous complaint process.

62.   As a result of Plaintiff's anonymous OIG complaint, on or around March 26, 2020, Plaintiff's supervising Lieutenant sent an email to the entire MET, which includes Department and County Department of Mental Health employees across 14 regional County offices, demanding that the person who filed the anonymous OIG complaint come forward or else the Department would seek "court orders and warrants to obtain IP and ISP information and 'follow the electronic trail' to determine who the perpetrator was."

63. Plaintiff's supervising Lieutenant also represented that a similar inquiry was being undertaken by the County Department of Mental Health to find the identity of the anonymous complainer, indicating Defendants' further attempts to undermine the anonymity and legitimacy of the OIG's anonymous complaint process.

64. On or around March 26, 2020, Plaintiff was also individually summoned into his supervising Lieutenant's office and told that the OIG tapped the IP address of whoever submitted the anonymous complaint, that the person who submitted this anonymous complaint is being accused of criminally impersonating another individual, and that the person who submitted the anonymous complaint would face criminal scrutiny if they did not proactively come forward by the end of the week.

65. Based on all of the foregoing threats communicated unit-wide and personally to Plaintiff, on or around March 26, 2020, Plaintiff admitted to his supervising Lieutenant that he filed the anonymous OIG Complaint on March 20, 2020. On or around March 26, 2020, Plaintiff emailed his supervising Lieutenant a summary of their conversation wherein he admits to filing the March 20, 2020 anonymous OIG Complaint.

66. After Plaintiff revealed himself as the anonymous OIG complaint filer to his supervising Lieutenant, Plaintiff's Lieutenant assured him that he would not be subject to any criminal or administrative investigative scrutiny or face any Department retaliation for revealing himself as the anonymous OIG complaint filer.

67. However, less than a week after revealing himself to be the anonymous OIG complaint filer, on or around March 30, 2020, Plaintiff was involuntarily transferred out of MET and placed

1    "on loan" to Century Station in spite of his supervising Lieutenant's assurances that no

2    administrative action would be taken against Plaintiff.

3        68. On or around March 31, 2020, Plaintiff was texted by his supervising Lieutenant from

4    MET to provide further details, via text, about the basis of his OIG anonymous complaint. This

5    demonstrates the Department's specific awareness and understanding that Plaintiff filed the

6    March 20, 2020 anonymous OIG complaint. Furthermore, this was the only attempt made by

7    Defendants to contact Plaintiff regarding any of the underlying health and safety workplace

8    issues mentioned in his OIG Complaint. To this day, Plaintiff has never been contacted by

9    anyone from the OIG regarding any of the issues mentioned in his March 20, 2020 anonymous

10   OIG complaint.

11       69.  On or around April 15, 2020, the Department opened a new disciplinary investigation

12   into Plaintiff; Internal Affairs Bureau Case Number IV2507573. This new investigation is

13   concerning Plaintiff's utilization of the OIG anonymous complaint process and alleges that

14   Plaintiff filed a false complaint with OIG by including contact information of the involved

15   County Department of Mental Health Supervisor rather than his own contact information. This

16   new investigation was opened in spite of Plaintiff's supervising Lieutenant's assurances that no

17   administrative action would be taken against him and that he would specifically not be subjected

18   to any disciplinary investigation for utilizing the OIG complaint process. In addition, Plaintiff

19   was not notified that he is the named subject of ongoing investigation IV2507573 until over a

20   year later, as will be discussed further below.

21       70. On or around May 20, 2020, Plaintiff applied for a Law Enforcement Technician opening

22   within the Department's Major Crimes Bureau. Plaintiff did not receive this position and was

23   unaware that he was/is the subject of an active and ongoing Internal Affairs Bureau investigation

24   throughout his application process.

25       71. On or around June 7, 2020, Plaintiff had his work responsibilities reduced to

26   administrative duties processing overtime and other payroll forms.

27

28

72. On or around October 20, 2020, Plaintiff reached out to Century Station Operations to request a formal hard-item transfer to Century Station from MET and was informed that his item had already been transferred.

73. On or around January 28, 2021, Plaintiff was re-assigned to the Secretariat, had his work responsibilities reduced again, and was told by his supervising sergeant that he was on the Captain's radar.

74. On or around February 1, 2021, Plaintiff sent an email to his supervisor regarding concerns of being placed in a high-traffic area due to his underlying medical conditions and requests to work from home.

75. On or around February 2, 2021, Plaintiff was told by supervisor to remind others around him to wear their masks and that micro-management is not favored.

76. On or around February 22, 2021, Plaintiff applied for a Law Enforcement Technician opening within the Department's Special Enforcement Bureau. On or around April 2, 2021, Plaintiff was informed that he did not receive this position and was still unaware that he was/is the subject of an active and ongoing Internal Affairs Bureau investigation throughout his application process.

77. On or around April 21, 2021, Plaintiff reviewed his most recent Performance Evaluation and finally discovers that he was/is named the subject of an active Internal Affairs Bureau investigation regarding "false statements" (Case Number IV2507573).

78. As a result, on or around April 21, 2021, Counsel for Plaintiff reached out to the Internal Affairs Bureau Captain to confirm whether Plaintiff was, in fact, the subject of an ongoing Department investigation initially opened on April 15, 2020 and to request an explanation regarding why Plaintiff had not been notified that he was the named subject of Case Number IV2507573.

79. On or around April 28, 2021, the Internal Affairs Bureau Captain confirmed the existence of Department investigation Case Number IV2507573 into Plaintiff and stated "I am forwarding your concerns as to the lack of Subject notification to the unit commander, as that is their

responsibility." To this day, no communications have been received by the unit commander concerning the lack of notification to Plaintiff.

80. On or around April 29, 2021, the Department provided Plaintiff with an official Notice of Investigation for Case Number IV2507573 indicating an original Department knowledge date of March 20, 2020. This Notice of Investigation was provided over one year after the Department initially opened Case Number IV2507573, after Plaintiff's supervising Lieutenant assured him that no Department investigation would be conducted regarding his utilization of the anonymous OIG complaint process, and after already utilizing three separate disciplinary investigations from 2017 – 2019 to retaliate, discriminate and/or harass Plaintiff. The Department's failure to adhere to normal investigation notification procedures, during this specific investigation and other Department investigations opened against Plaintiff, further demonstrates the retaliatory nature of the Department's actions taken towards Plaintiff described herein.

81. On or around May 20, 2021, Plaintiff was contacted by Department investigators to provide an interview for Case Number IV2507573. On June 2, 2021, Counsel for Plaintiff requested Department investigators to provide a copy of the OIG anonymous complaint admittedly filed by Plaintiff and Department investigators *refused* to provide Plaintiff or Counsel for Plaintiff a copy of Plaintiff's submitted OIG Complaint prior to his interview.

82. On or around June 7, 2021, Plaintiff filed claims with California Department of Industrial Relations/Division of Labor Standards Enforcement; California Labor and Workforce Development Agency; and California Department of Fair Employment and Housing alleging retaliation for his utilization of the anonymous OIG complaint process to report unsafe working conditions as it relates to health and safety workplace issues.

83. On or around June 8, 2021, Plaintiff mailed a Private Attorneys General Act Notice to the County.

84. On or around June 8, 2021, Plaintiff filed a claim for damages with the County.

85. On or around June 8, 2021, Plaintiff was interviewed by Department investigators regarding Department investigation Case Number IV2507573. During this interview, no questions were posed to Plaintiff regarding any of the health and safety workplace concerns

raised by Plaintiff in his initial March 20, 2020 OIG Complaint. Plaintiff's entire interview can

be characterized as purported "neutral" investigators attempting to coerce Plaintiff to admit to

having an intent to deceive the Department when utilizing the anonymous OIG complaint

process. To this day, Department investigation Case Number IV2507573 is still pending and

continues to negatively impact Plaintiff's career, emotional and financial well-being, and

reputation. No investigative case materials from Case Number IV2507573 have been provided to

Plaintiff by Defendants.

86.   On or around September 3, 2021, Plaintiff was informed by a previous coworker from the

Sheriff's Information Bureau that he was, once again, restricted from entering the Hall of Justice.

This coworker was instructed by a sworn Department supervisor, Sergeant Oscar Martinez, to

inform Plaintiff of his Hall of Justice restriction, rather than Sergeant Oscar Martinez

communicating this restriction to Plaintiff himself. This new Hall of Justice restriction was

placed on Plaintiff because a hostile phone call was placed to the Sheriff's Information Bureau

and one deputy proclaimed that the unnamed anonymous caller sounded like Plaintiff.

87.   On or around September 3, 2021, Plaintiff contacted Sergeant Oscar Martinez to confirm

whether he was actually restricted from entering the Hall of Justice and Sergeant Oscar Martinez

confirmed to Plaintiff that he was/is restricted from accessing any of the Sheriff's Information

Bureau spaces and that he needs to contact him first for approval to visit the Sheriff's

Information Bureau.

88.   On or around September 8, 2021, Plaintiff communicated to Sergeant Oscar Martinez that

there was no credible basis for any restrictions to be placed on him and explained to Sergeant

Oscar Martinez that he was promoting negative rumors based on completely unfounded

speculation.

89.   As a result, on or around September 8, 2021, Plaintiff filed a POE Complaint against

Sergeant Oscar Martinez and the deputy responsible for spreading false rumors asserting Plaintiff

placed a hostile phone call to the Sheriff's Information Bureau.

90.   Although Plaintiff is still under a pending administrative investigation (Case Number

IV2507573) alleging that he falsely submitted an *anonymous* OIG Complaint using someone

else's identity, on or around September 21, 2021, Plaintiff was contacted by Department Deputy Compliance Officer Linda Vaisa from the POE intake unit to provide information regarding what they characterize to be *his own* March 20, 2020 OIG Complaint. The Department specifically requested Plaintiff to provide information regarding any alleged acts of Department retaliation and, once again, failed to ask any detailed questions regarding the legitimate health and safety concerns reported by Plaintiff on March 20, 2020.

91. The Department failed to make any inquiry, or even contact Plaintiff, about any of the health and safety issues raised in his anonymous OIG Complaint and now only seeks Plaintiff's input as it relates to the County's preparation of their legal defense strategy. The Department's utilization of the POE Intake process to get information from Plaintiff to bolster their legal retaliation defense highlights the Department's utilization of relevant internal investigative processes to further whatever specific discriminatory, harassing and/or retaliatory purpose benefits Defendants, rather than adhering to any objective or neutral factfinding obligations.

92. On or around September 22, 2021, Plaintiff informed Department Deputy Compliance Officer Linda Vaisa of his ongoing retaliation labor claims and hesitation to provide any written statements about case matters that are still under active Department investigation.

**Disciplinary Appeal Related Misconduct**

93. On or around December 23, 2020, Counsel for Plaintiff provided significant new evidence involving Law Enforcement Technician Heather Fuquay which fundamentally related to Law Enforcement Technician Heather Fuquay's allegations of sexual harassment and invasion of privacy supporting Plaintiff's 2 Days Suspension. This significant new evidence involved Law Enforcement Technician Heather Fuquay actively posting sexually explicit videos of herself on publicly accessible pornographic adult websites, charging users money to access some of her sexually explicit videos, and purposefully including untruthful descriptions of who she was performing sexual acts with in her video descriptions. Over 15 sexually explicit videos were posted by Law Enforcement Technician Heather Fuquay over the course of multiple years, amassing over 175,000 total video views. Furthermore, Law Enforcement Technician Heather Fuquay is designated as the Sheriff Information Bureau's social media dispatcher, which causes

her to have frequent public interactions with many different law enforcement agencies using a variety of online social media platforms. Almost all of Law Enforcement Technician Heather Fuquay's publicly posted sexually explicit videos contain prolonged images of her face and other identifying marks such as visible tattoos and piercings.

94. All of this new evidence was submitted to assigned Counsel for Department with the express request that this new information be considered grounds for reassessing the appropriateness of Plaintiff's discipline. However, no attempts were made to reassess Plaintiff's discipline and Defendants took no action regarding any of this new information towards Law Enforcement Technician Heather Fuquay. To this day, Law Enforcement Technician Heather Fuquay's sexually explicit videos are still publicly accessible despite the Department justifying Plaintiff's 2 Days Suspension on grounds of perceived Department embarrassment. From December 23, 2020 to the present, no administrative actions have presumably been taken towards Law Enforcement Technician Heather Fuquay regarding any of this new evidence.

95. Furthermore, on or around December 6, 2021, during a County Employee Relations Commission arbitration appeal hearing regarding Plaintiff's 2-Day Suspension (ERCOM Arb. No. 102-19), Captain Darren Harris specifically testified that he was never provided any of the new information submitted to Counsel for Department on December 23, 2020 despite Counsel for Department's representation that this new information would be forwarded to the Department. Either this information was never submitted by Counsel for Department to relevant Department decisionmakers or Captain Darren Harris was attempting to falsely represent that the Department was unaware of this new information provided almost a year earlier. The Department's lack of scrutiny displayed towards Law Enforcement Technician Heather Fuquay's undeniably embarrassing conduct over the course of multiple years is wholly contrary to the Department's scrutiny displayed towards Plaintiff based on his legitimate utilization of the POE and OIG complaint processes over the course of his Department career.

96. In addition, on or around December 6, 2021, during Plaintiff's 2-Day Suspension ERCOM Arb. No. 102-19 arbitration hearing, Plaintiff learned for the first time that sometime in or around mid-to-late 2020, Counsel for Department requested Department investigators to

proactively reinvestigate the allegations contained in Case Number IV2426891, **over a year after already imposing discipline and based on no new evidence or any changed circumstances**. This surreptitious request in 2020 was made over a year after the Department's imposition of Plaintiff's 2-Days Suspension on May 16, 2019 and over 3 years after Plaintiff filed his original POE Complaint on April 14, 2017.

97. The Department's 2020 reinvestigation of Plaintiff's 2-Days Suspension was undertaken for the sole purpose of bolstering Plaintiff's disciplinary case as Plaintiff was never notified of the Department's decision to reopen this IV2426891 investigation and, to this day, has not been provided any contents, summaries, notes or otherwise regarding what was uncovered pursuant to this 2020 reinvestigation of his 2-Days Suspension. No information or explanation was provided by the Department regarding why Plaintiff's 2-Days Suspension case was reopened in 2020, a year after Plaintiff already served his 2 Days Suspension in 2019 and multiple years after this case was originally investigated in 2017.

98. Furthermore, Plaintiff only became aware of this 2020 reopening of his IV2426891 investigation through cross-examination of the Department's assigned detective to this case, Detective Gerhardt Groenow, which indicates that had these questions never been asked on December 6, 2021, Plaintiff would have **never** been informed or made aware that the Department was proactively attempting to reopen this disciplinary investigation at some point in 2020. Counsel for Department also initially allowed Detective Gerhardt Groenow to falsely testify that it was the District Attorney's Office who requested IV2426891 to be reinvestigated, when during cross-examination, Detective Gerhardt Groenow clarified that it was actually Counsel for Department who requested IV2426891 to be reinvestigated.

99. In addition, the Department did not choose to reopen Plaintiff's IV2426891 investigation in light of any of the new evidence submitted by Counsel for Plaintiff on December 23, 2020. The Department's proactive decision to secretly reopen IV2426891 based on no new evidence or any changed circumstances compared to their decision to ignore all new relevant evidence submitted by Counsel for Plaintiff on December 23, 2020 further highlights the Department's discriminatory and biased disciplinary investigative practices facing Plaintiff. For no explicable

reason, at some point in 2020, the Department reopened Plaintiff's IV2426891 investigation in order to collect more evidence to support his 2 Days Suspension and did not inform Plaintiff of any of these efforts. Yet when Counsel for Plaintiff directly provides specifically relevant and new evidence to Counsel for Department on December 23, 2020, no further investigation is deemed necessary and Captain Darren Harris is not presented with any of this new information until his ERCOM Arb. No. 102-19 cross-examination almost a year later on December 6, 2021.

100.  Upon information and belief, outside of Plaintiff's case, the Department has never reopened a disciplinary internal investigation after imposing a 2 Days Suspension and already conducting a multi-year, multi-agency, and multi-volume administrative and criminal investigation, without having any new evidence to necessitate reopening the investigation. The notion that Plaintiff's 2 Days Suspension investigation was reopened in 2020 for no reason other than to further bolster his disciplinary penalty represents a fundamentally discriminatory, malicious and entirely unprecedented action indicative of Plaintiff's selectively harsh treatment within this Department.

101.  Plaintiff's Department career timeline demonstrates an outstanding employee who has become increasingly targeted by this Department since his utilization of the POE complaint process on April 14, 2017. All performance evaluation ratings and characterizations of Plaintiff's work product prior to his utilization of the POE complaint process on April 14, 2017 indicate that he was an exemplary employee on track to become a model County peace officer. However, since April 14, 2017, the Department has consistently harassed, discriminated and/or retaliated against Plaintiff by utilizing the Department's disciplinary investigative processes, amongst other retaliatory acts, to completely disrupt Plaintiff's Department employment and upend his entire law enforcement career. Defendants' actions towards Plaintiff represents explicit harassment, discrimination and retaliation, and infringes on Plaintiff's protected due process and free speech rights. Furthermore, some of Defendants' retaliatory actions were taken against Plaintiff for his decision to file a complaint with a lawful oversight agency regarding legitimate health and safety workplace concerns. Plaintiff was specifically retaliated against for attempting to file a legitimate

complaint highlighting Department attempts to circumvent local, state and federal Covid-19

health and safety protocols.

102.   As a result of the Department's actions described above, Plaintiff's Department and law

enforcement career advancement prospects, Plaintiff's ability to earn income and/or other

privileges and benefit, Plaintiff's promotability within the Department and County, Plaintiff's

current employment opportunities, and Plaintiff's entire emotional well-being have all been

adversely impacted.

<div align="center">

**FIRST CAUSE OF ACTION**

**RETALIATION (GOV. CODE § 12940)**

**AGAINST ALL DEFENDANTS, AND EACH OF THEM**

</div>

103.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 102 above, and incorporates same by reference as though set forth fully herein.

104.   Plaintiff engaged in legally protected activities under the FEHA by, through the filing

of a lawful complaint, disclosing to the County and/or the Department information which

Plaintiff had reasonable cause to believe disclosed violations of local, state and/or federal

statutes, including the FEHA, local, state and/or federal orders related to health and safety

workplace requirements, effective County and Department policies, and other applicable local,

state, and federal rules, statutes, and regulations.

105.   Defendants retaliated against Plaintiff because he is an employee who engaged in

protected reporting activities and utilized the OIG complaint process to attempt to disclose the

Department's violation of state and local Covid-19 health and safety statutes and/or orders.

106.   After Plaintiff utilized the OIG complaint process to report conditions at his workplace

that posed a risk to the health and safety of hundreds of County employees, Defendants retaliated

against Plaintiff by, amongst other things, punitively transferring him, opening an internal

investigation into him, and reducing all work responsibilities.

107.   Defendants, and each of them, and their respective supervisors, managers, officers,

agents, and employees, retaliated against Plaintiff for engaging in protected activities by

subjecting him to multiple adverse employment actions, stand-alone actions and/or an ongoing

series of actions, which have caused substantial and material adverse effects on the terms and conditions of Plaintiff's employment. Said actions of retaliation were a direct violation of the FEHA.

108.  A contributing cause for Defendants, and each of them, engaging in the foregoing adverse employment actions against Plaintiff was to retaliate against Plaintiff for engaging in the above-described protected activities.

109.  As a result of the aforesaid unlawful acts of Defendants, and each of them, Plaintiff has lost and may continue to lose income, wages, earnings, earning capacity, overtime, on-call pay, pension, benefits, and other economic loss, in an amount to be proven at time of trial.

110.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff has been punitively transferred, denied transfer requests, suffered reduced responsibilities, been intimidated, and faced diminished chances for promotions and better assignments within the Department.

111.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

112.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

113.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to attorneys' fees pursuant to C.C.P. § 1021.5 and other authorities, and costs in an amount according to proof.

114.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code section 3287 and/or any other provision of law providing for prejudgment interest.

**<u>SECOND CAUSE OF ACTION</u>**

**HARASSMENT (GOV. CODE § 12923)**

**AGAINST ALL DEFENDANTS, AND EACH OF THEM**

115.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 114 above, and incorporates same by reference as though set forth fully herein.

116.  Plaintiff is an African-American male. Law Enforcement Technician Heather Fuquay is a Caucasian female, her Department boyfriend during the relevant time period is a Caucasian male, and Captain Darren Harris is a Caucasian male.

117.  After Plaintiff brought to light wrongdoing involving a female Caucasian coworker who was dating a male Caucasian supervisor friendly with their shared male Caucasian supervising Captain, Plaintiff was immediately relieved of duty for multiple years and has been consistently subjected to unwanted discriminatory and harassing conduct throughout all facets of his Department career since the filing of his POE Complaint. Plaintiff has also been subjected to unwanted discriminatory and harassing conduct for his filing of an anonymous OIG Complaint.

118.  The discriminatory and harassing conduct ranged from the opening and/or reopening of separate meritless disciplinary investigations to impeding Plaintiff's ability to carry out his job duties all of which have served to negatively impact Plaintiff's law enforcement career.

119.  The discriminatory and harassing conduct was and is severe or pervasive.

120.  A reasonable person with Plaintiff's protected characteristics in Plaintiff's circumstances would consider the environment as hostile, discriminatory and harassing as Plaintiff did.

121.   Defendants created this hostile work environment and Plaintiff was and is harmed by Defendants' discriminatory and harassing actions.

122.  As a direct and legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be

ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

123.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

124.  As a result, all Defendants, whose identities may be ascertained at a later date, and excluding the County which is statutorily immune, are responsible for punitive and exemplary damages in a sum according to proof at time of trial, and a sum sufficient to set an example and punish Defendants for their wrongdoing.

### THIRD CAUSE OF ACTION
### DISCRIMINATION (GOV. CODE § 12920)
### AGAINST ALL DEFENDANTS, AND EACH OF THEM

125.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 124 above, and incorporates same by reference as though set forth fully herein.

126.  Plaintiff is an African-American male. Law Enforcement Technician Heather Fuquay is a Caucasian female, her Department boyfriend during the relevant time period is a Caucasian male, and Captain Darren Harris is a Caucasian male.

127.  After Plaintiff brought to light wrongdoing involving a female Caucasian coworker who was dating a male Caucasian supervisor friendly with their shared male Caucasian supervising Captain, Plaintiff was immediately relieved of duty for multiple years and has been consistently subjected to unwanted discriminatory and harassing conduct throughout all facets of his Department career since the filing of his POE Complaint. Plaintiff has also been subjected to unwanted discriminatory and harassing conduct for his filing of an anonymous OIG Complaint.

128.  The discriminatory and harassing conduct ranged from the opening and/or reopening of separate meritless disciplinary investigations to impeding Plaintiff's ability to carry out his job duties all of which have served to negatively impact Plaintiff's law enforcement career.

129.  The discriminatory and harassing conduct was and is severe or pervasive.

130.  A reasonable person with Plaintiff's protected characteristics in Plaintiff's circumstances would consider the environment as hostile, discriminatory and harassing as Plaintiff did.

131.   Defendants created this hostile work environment and Plaintiff was and is harmed by Defendants' discriminatory and harassing actions.

132.  As a direct and legal result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other noneconomic damages, in a sum to be ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendants.

133.  As a further legal result of the conduct of Defendants, and each of them, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE CORRECTIVE ACTION (GOV. CODE § 12940)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

134.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 133 above, and incorporates same by reference as though set forth fully herein.

135.  Defendant had an obligation to take corrective action to prevent further discrimination and harassment of Plaintiff, but failed to do so in violation of Cal. Gov. Code Sections 12940(k) and 12940(j)(1). Defendants failed to conduct proper investigations, implement proper policies to prevent discrimination, harassment or retaliation, and failed to properly punish those who engaged in misconduct to deter such further actions in the future. Conversely, Defendants purposefully conducted improper investigations in order to specifically harass and discriminate against Plaintiff.

136.  After Plaintiff made legitimate complaints about and opposed the harassing, discriminatory and retaliatory conduct set forth above, Defendants failed to conduct proper

investigations, implement proper policies to prevent discrimination, harassment or retaliation, and failed to take corrective action or to properly punish those who engaged in misconduct, to deter such further actions.

137.  As a direct and legal consequence of the conduct by Defendants towards Plaintiff, Plaintiff has suffered economic and non-economic damages in a sum according to proof at time of trial.

<div align="center">

**FIFTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO PRIVATE ATTORNEYS GENERAL ACT ("PAGA")(LABOR CODE §§ 2698-2699.5)**

**AGAINST ALL DEFENDANTS, AND EACH OF THEM**

</div>

138.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 137 above, and incorporates same by reference as though set forth fully herein.

139.  As set forth in detail under "Factual Allegations," Defendants violated California Labor Code §§ 98.6, 232.5, 1102.5, 2699.5, 6310, 6399.7, 6400, 6401, 6402, 6403, 6404, and 6407.

140.  Under Labor Code §§ 2699, 98.6, 1102.5 for each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial.

**Violation of Labor Code §§ 232.5, 6310 and 6399.7**

141.  Under Cal. Labor Code § 232.5, no employer may discriminate against an employee who discloses information about the employer's working conditions.

142.  Under Cal. Labor Code § 6310(a), no person may be discriminated against in any manner for making an oral or written complaint to governmental agencies having statutory responsibility for or assisting with reference to employee safety or health, his or her employer, or his or her representative.

143.  Under Cal. Labor Code § 6399.7, no person shall discharge or in any manner discriminate against, any employee because such employee has filed any complaint or has instituted, or caused to be instituted, any proceeding under or related to occupational safety and health matters.

144.  As alleged above, Plaintiff reported unsafe working conditions at his Department worksite to the County OIG utilizing an anonymous complaint process. Plaintiff also included information of relevant employees from his worksite whose rights to a safe working environment were being threatened. Defendants punitively transferred Plaintiff shortly after he submitted his OIG complaint asserting legitimate health and safety workplace concerns. Defendants also surreptitiously opened an internal investigation into Plaintiff for his utilization of the *anonymous* OIG complaint process and did not inform Plaintiff of this investigation until a year after its commencement. Defendants also opened this investigation after Plaintiff's supervisor expressly represented to Plaintiff that no internal investigation would be initiated regarding his utilization of the OIG complaint process.

145.  Plaintiff's utilization of the anonymous OIG Complaint process was a substantial motivating factor for Defendants' decision to discriminate against Plaintiff. Defendants' actions were therefore in violation of Cal. Labor Code §§ 232.5, 6310 and 6399.7.

146.  As a result of the aforesaid violations, Plaintiff will seek civil penalties pursuant to Cal. Labor Code § 2699(a) and (f), and/or other provisions of law, against Defendants for violation of Cal. Labor Code §§ 232.5, 6310 and 6399.7. Pursuant to Cal. Labor Code § 2699, Plaintiff should be awarded twenty-five (25%) of all penalties due under California law.

**Violation of Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407**

147.  Cal. Labor Code §6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein. Cal. Labor Code §6401 provides that every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees.

148.  Cal. Labor Code §6402 provides that no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful.

149.  Cal. Labor Code §6403 provides that no employer shall fail or neglect to do any of the following: (a) To provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe; (b) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe; (c) To do every other thing reasonably necessary to protect the life, safety, and health of employees.

150.  Cal. Labor Code §6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful.

151.  Cal. Labor Code §6407 provides that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to his own actions and conduct.

152.  As alleged hereinabove, when the Covid-19 pandemic began to spread in California, the Department did not follow state mandated health and safety protocols and failed to proactively adopt the use of safety devices and safeguards necessary to ensure protect the life, health, and safety of Plaintiff and all aggrieved employees. Plaintiff and all aggrieved employees were forced to work in a workplace that did not practice social distancing, did not mandate use of protective gear and safety devices like face masks by all employees, and which facilitated an atmosphere of noncompliance regarding relevant Covid-19 health and safety workplace policies. Some Department supervisors even purposefully shamed those who were attempting to comply with Covid-19 health and safety workplace policies.

153.  Therefore, Defendants, and each of them, violated Cal. Labor Code §§6400, 6401, 6402, 6403, 6404, and 6407 when they failed to employ Plaintiff and other similarly situated Department employees in safe and healthful working conditions. Plaintiff and other similarly situated Department employees were employed under unsafe conditions violative of Cal-OSHA regulations and the Health and Safety Code.

154.  As a result of the aforesaid violations Plaintiff will seek civil penalties pursuant to Cal. Labor Code § 2699(a) and (f) against Defendants for each violation of Cal. Labor Code §§ 6400,

6401, 6402, 6403, 6404, and 6407. Pursuant to Cal. Labor Code § 2699, Plaintiff should be awarded twenty-five (25%) of all penalties due under California law.

**Violation of Cal. Labor Code § 98.6**

155.  Pursuant to Cal. Labor Code § 98.6(a) a person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any legally protected activity.

156.  Defendants retaliated against Plaintiff because he is an employee who engaged in legally protected reporting activities. Plaintiff used the Department's POE complaint process and the County's OIG complaint process and, in both instances, Plaintiff was retaliated against. Plaintiff engaged in lawful complaint reporting activities, which included reporting conditions at his workplace that posed a risk to the health and safety of dozens to hundreds of County employees and which involved another Department member who created a sexually harassing and hostile work environment.

157.  Under Cal. Labor Code § 98.6, an aggrieved employee can recover lost wages and a civil penalty of $10,000 for each violation.

158.  Therefore, pursuant to Cal. Labor Code § 98.6(b)(3), Plaintiff is entitled to a civil penalty of $10,000 for each violation of Cal. Labor Code § 98.6 as a result of Defendants retaliatory conduct towards Plaintiff for engaging in protected whistleblowing activities.

**Violation of Cal. Labor Code § 1102.5**

159.  Under Cal. Labor Code § 1102.5(b), an employer "shall not retaliate" against an employee for disclosing information "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance" that the employee "has reasonable cause to believe . . . discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

160.  Defendants retaliated against Plaintiff because he is an employee who engaged in protected reporting activities and utilized the OIG complaint process to attempt to disclose the Department's violation of state and local Covid-19 health and safety statute, rule and/or

regulation. Plaintiff utilized the OIG complaint process to report conditions at his workplace that posed a risk to the health and safety of hundreds of County employees.

161.  Defendants, and each of them, and their respective supervisors, managers, officers, agents, and employees, retaliated against Plaintiff for engaging in protected activities by subjecting him to multiple adverse employment actions, stand-alone actions and/or an ongoing series of actions, which have caused substantial and material adverse effects on the terms and conditions of Plaintiff's employment. Said actions of retaliation were a direct violation of Cal. Labor Code § 1102.5, and pursuant to Cal. Labor Code § 1102.6, Defendants, and each of them, have the burden of proof to demonstrate by clear and convincing evidence that each of the adverse employment actions alleged herein would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in activities protected by Cal. Labor Code § 1102.5.

162.  Under Cal. Labor Code § 1102.5(b), an employee can recover all actual damages flowing from the retaliation, including compensatory damages, lost wages, lost benefits, and emotional distress. In addition, under Cal. Labor Code § 1102.5(f), an aggrieved employee can recover a civil penalty of $10,000 against the County as a municipal corporation for each violation. As a further legal result of the conduct of Defendants, and each of them, Plaintiff is entitled to attorneys' fees pursuant to Cal. Labor Code § 1102.5 (j).

## SIXTH CAUSE OF ACTION

### VIOLATION OF BANE ACT (CIV. CODE § 52.1)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

163.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 162 above, and incorporates same by reference as though set forth fully herein.

164.  Plaintiff is informed, believes, and thereon alleges the Tom Bane Civil Rights Act authorizes individuals whose legal rights have been interfered with by threats, intimidation, or coercion, to bring a civil action for the interference with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. (Civ. Code, § 52.1(a)). Moreover, an

aggrieved person may bring an action for damages under Civil Code § 52, and may be awarded reasonable attorneys' fees. (Civ. Code, § 52.1(b), (h).).

165.   Defendants, acting in concert and by way of conspiracy, through threatening, intimidating, and coercive conduct attempted to interfere and did interfere with Plaintiff' s ability to fulfill his lawful duties. Plaintiff reasonably believed that he would be subjected to further harassment and adverse actions, including termination, if he did not refrain from complaining about unlawful workplace practices, retaliation, and discrimination. When Plaintiff made his complaints and otherwise opposed wrongful conduct, he was deprived of his right to speak freely regarding illegalities and/or wrongful conduct committed by the Defendants as guaranteed under the Federal and California Constitutions. The aforementioned wrongful conduct by Defendants also constituted a violation of Article I, Section VII of the California Constitution (Due Process and Equal Protection) and Article I, Section II of the California Constitution (Freedom of Speech). Defendants' retaliation was in direct violation of Plaintiff's First Amendment free speech rights guaranteed under the Federal Constitution.

166.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

167.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

168.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

### (42 USC § 1983)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

169.   Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 168 above, and incorporates same by reference as though set forth fully herein.

170. 42 USC § 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

171. The laws of the State of California and the California and Federal Constitutions set forth legal rights which have been violated by Defendants' wrongful conduct.

172. The Fourteenth Amendment of the Federal Constitution places procedural constraints on the actions of government that deprive citizens of their property interests within the meaning of the Due Process Clause. Plaintiff reasonably believed that he would be subjected to further harassment and adverse actions, including termination, if he did not refrain from complaining about unlawful workplace practices, retaliation, and discrimination. The First Amendment of the Federal Constitution guarantees the rights to free speech. When Plaintiff made his complaints and otherwise opposed Defendants' wrongful conduct, he was deprived of his right to speak freely regarding illegalities and/or wrongful conduct committed by the Defendants. The aforementioned wrongful conduct by Defendants also constituted a violation of Article I, Section VII of the California Constitution (Due Process and Equal Protection) and Article I, Section II of the California Constitution (Freedom of Speech).

173. Defendants have acted under color of law to punish Plaintiff for his exercise of free speech rights set forth in the First Amendment of the Federal Constitution and Article I, Section II of the California Constitution, when he was retaliated against for complaining about or opposing Defendants' unlawful practices and for utilizing lawful complaint processes.

174. In taking the actions aforesaid, the Defendants, and each of them, violated 42 USC § 1983.

175. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

176.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

177.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### RETALIATION (GOV. CODE § 53298)

### AGAINST ALL DEFENDANTS, AND EACH OF THEM

178.  Plaintiff repeats and re-alleges each any every allegation set forth in paragraphs 1 through 177 above, and incorporates same by reference as though set forth fully herein.

179.  Cal. Gov. Code § 53298 prohibits reprisals against any employee who files a complaint regarding "gross mismanagement, a significant waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." Cal. Gov. Code § 53296 (c).

180.  Plaintiff filed a specific written complaint with the OIG regarding a Department supervisor who was actively promoting noncompliance with lawful Covid-19 health and safety workplace orders, rules and regulations and was thereafter punitively transferred, placed under disciplinary investigation and subject to other retaliatory conduct as described herein. Plaintiff disclosed said information to the OIG in order to provide evidence of a substantial and specific danger to public health or safety.

181.  Defendants, and each of them, participated in or directed the retaliatory conduct, or knew of the retaliatory conduct and failed to act to prevent it.

182.  The above-cited actions of Defendants were done with malice, fraud and/or oppression, and in reckless disregard of Plaintiff's statutory rights as defined in Cal. Gov. Code § 53298.

183.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

COMPLAINT FOR DAMAGES

184.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, reputational harm, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

185.  Under Cal. Gov. Code § 53298.5 (a), "any officer, manager, or supervisor who violates Section 53298 with malicious intent is punishable by a fine not to exceed ten thousand dollars ($10,000) and imprisonment in the county jail for up to a period of one year. In addition, any local agency officer, manager, or supervisor who maliciously engages in conduct prohibited by Section 53298 shall be disciplined as provided by local personnel rules and regulations."

186.  Furthermore, under Cal. Gov. Code § 53298.5 (b), "In addition to all other penalties provided by law, any local officer, manager, or supervisor who has been found by a court to have violated the provisions of Section 53298 with malicious intent shall be individually liable for damages in an action brought against him or her by the injured employee. Punitive damages may be awarded by the court where the offending party has acted with malice. Where liability has been established, the injured employee shall also be entitled to reasonable attorney's fees as provided by law."

187.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against all Defendants, and each of them, on all causes of action, for:

1. Physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages, in a sum to be ascertained according to proof;

2. Loss of wages, income, earnings, earning capacity, overtime, pension, benefits, and other economic damages in a sum to be ascertained according to proof;

3. Other actual, consequential, and/or incidental damages in a sum to be ascertained according to proof;

1       4.  All damages, statutory penalties and/or interest required by California law, including but

2   not limited to Cal. Labor Code §§ 98.6, 1102.5, 2699, Cal. Gov. Code §53298.5, and all other

3   applicable authority, for each initial and subsequent violations;

4       5.  An award of reasonable Attorneys' fees and costs of suit pursuant to C.C.P. § 1021.5,

5   Cal. Labor Code §§ 1102.5 and 2699, Cal. Gov. Code §53298.5, Civ. Code, § 52.1 and all other

6   applicable authorities;

7       6.  Pre-judgment interest pursuant to California Civil Code section 3287 and all other

8   applicable authorities;

9       7.  Punitive damages against any ascertained individual Defendants;

10      8.  Such other and further relief as the Court may deem just and proper.

11

12  **DATED**: January 13, 2022

13

14

15                                 Christopher Morse, Esq.

16                                 Attorney for PETITIONER

17

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION**

2

I, John Michael Gardner, declare:

3

I have read the foregoing Complaint for Damages and know its contents. I am a real party

4

in interest, a party to this action, and am authorized to make this verification for that reason.

5

I declare the allegations relevant to my case contained therein are true to my knowledge,

6

except as to those matters which are alleged on information and belief, and as to those matters I

7

believe them to be true.

8

I declare under penalty of perjury under the law of the State of California that the

9

foregoing is true and correct to the best of my knowledge.

10

11

Executed on January ___6___, 2022 at ___Los Angeles___, California.

12

13

14

_____
John Michael Gardner

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF VERIFICATION OF COMPLAINT FOR DAMAGES

96

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

December 1, 2021

Christopher Morse
10405 San Diego Mission Road, Suite 200
San Diego,  92108

RE:     **Notice to Complainant's Attorney**
          DFEH Matter Number: 202112-15523301
          Right to Sue: Gardner / County of Los Angeles et al.

Dear Christopher Morse:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 1, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202112-15523301
        Right to Sue: Gardner / County of Los Angeles et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                         KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 1, 2021

John Gardner
13926 Cordary Ave Apt. 43
Hawthorne, California 90250

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202112-15523301
        Right to Sue: Gardner / County of Los Angeles et al.

Dear John Gardner:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective December 1, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

DFEH-ENF 80 RS

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5
John Gardner                                                    DFEH No. 202112-15523301

6
                                    Complainant,

7
vs.

8
County of Los Angeles
500 W TEMPLE RM #383 Los Angeles, CA 90012
9
Los Angeles, California 90012

10
County of Los Angeles, Sheriff's Department
4700 Ramona Blvd
11
Monterey Park, CA 91754

12
                                    Respondents
13
_____

14
15
**1.** Respondent **County of Los Angeles** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16
**2.**Complainant is naming **County of Los Angeles, Sheriff's Department** business as Co-
Respondent(s).
17

18
**3**. Complainant **John Gardner**, resides in the City of **Hawthorne,** State of **California.**

19
20
**4.** Complainant alleges that on or about **September 28, 2021**, respondent took the following adverse actions:

21
**Complainant was harassed**.

22
23
**Complainant was discriminated against** because of complainant's race, color, other and as a result of the discrimination was denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

24
25
**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment

26
                                    -1-
*Complaint – DFEH No. 202112-15523301*
27
Date Filed: December 1, 2021
28

DFEH-ENF 80 RS

102

complaint and as a result was denied hire or promotion, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** --On March 20, 2020, County of Los Angeles Sheriff's Department ("Department") Law
Enforcement Technician John Gardner ("LET Gardner") submitted an anonymous complaint utilizing the County of Los Angeles Office of Inspector General's ("OIG") online "anonymous" complaint tool. The basis of LET Gardner's complaint surrounded the actions of a Department
Sergeant who, on March 19, 2020, was (1) making disparaging remarks about those who believed in COVID-19, (2) creating a hostile work environment towards those who wore face masks, remarking that "we are all going to die anyways," and (3) discriminating against those
who attempted to keep Department members in compliance with relevant COVID-19 Department health and safety protocols. This Department Sergeant's actions allegedly caused a County
Department of Mental Health Supervisor to become emotional in front of other County workers. Around 5-1 O County of Los Angeles employees allegedly witnessed this Sergeant's harassing
conduct reported by LET Gardner utilizing the OIG's anonymous online complaint tool.
--LET Gardner filled out this anonymous complaint form on his cell phone, provided the identity of the involved Department of Mental Health Supervisor as the relevant party, and did not include his own contact information for fear of internal Department retaliation and based on his
understanding that the entire premise of utilizing an anonymous complaint process would not
necessitate identifying himself or including his own contact information. However, on March 26, 2020, 6 days after LET Gardner submitted his anonymous OIG complaint, LET Gardner's
supervising Lieutenant sent an email to the entire Mental Evaluation Team asking whoever filed the complaint to come forward in order to avoid criminal prosecution.
--LET Gardner was also personally summoned into his supervising Lieutenant's office, was told that the OIG tapped the IP address of whoever submitted the anonymous complaint, was told
that the person who submitted this anonymous complaint was being accused of impersonating another individual, and was told that the person who submitted the anonymous complaint would face criminal scrutiny if they did not proactively come forward by the end of the week. This personal meeting caused LET Gardner to believe that his supervising Lieutenant already knew his identity as the anonymous complainer so, as a result, LET Gardner came forward to his Lieutenant in order to avoid the potential criminal scrutiny and additional Department retaliation threatened by his Lieutenant in his unit-wide email.
--After this exchange between LET Gardner and his supervising Lieutenant, LET Gardner's Lieutenant assured LET Gardner that he would not be subject to any further criminal or

-2-
*Complaint – DFEH No. 202112-15523301*

Date Filed: December 1, 2021

DFEH-ENF 80 RS

103

1   administrative investigative scrutiny or any Department retaliation. However, by March 30,
2   2020, LET Gardner was transferred out of the Mental Evaluation Team, against his wishes
    and in express contradiction to his Lieutenant's assurances that LET Gardner would face no
3   changes to his work status as a result of being forced to identify himself as an OIG
    anonymous complainer. --Since LET Gardner was forced to reveal himself as an
4   anonymous OIG complainer to his supervisor, LET Gardner has been twice transferred,
    denied opportunities to transfer despite being well-qualified for the transfers, denied medical
5   accommodations and has had all work responsibilities limited. Most significantly, despite his
6   Lieutenant's representation to the contrary, LET Gardner has been under administrative
    investigation for over a year and was not informed that he was under investigation until April
7   29, 2021. Rather than investigate any of the legitimate issues from LET Gardner's OIG
    complaint, the Department continues to wrongfully scrutinize LET Gardner and has
8   permanently undermined the "anonymous" OIG complaint process. LET Gardner is currently
    under administrative investigation and continues to suffer ongoing harm.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                              *Complaint – DFEH No. 202112-15523301*
27
    Date Filed: December 1, 2021
28

VERIFICATION

I, **Christopher Morse**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On December 1, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-
*Complaint – DFEH No. 202112-15523301*

Date Filed: December 1, 2021

DFEH-ENF 80 RS

 **Superior Court of California, County of Los Angeles**

<div style="border:1px solid black; background-color:#d9d9d9;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

1

2

3

4

5

SUPERIOR COURT OF THE STATE OF CALIFORNIA

6

FOR THE COUNTY OF LOS ANGELES

7

8  IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
   — MANDATORY ELECTRONIC FILING      )
9  FOR CIVIL                          )
                                      )
10                                    )
                                      )
11 _____)

12          On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13 documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14 Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15 Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16 All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17 following:

18 1) DEFINITIONS

19    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20       quickly locate and navigate to a designated point of interest within a document.

21    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22       portal, that gives litigants access to the approved Electronic Filing Service Providers.

23    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24       of documents to the Court for processing which may contain one or more PDF documents

25       attached.

26    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27       document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

Case 2:22-cv-01101   Document 1   Filed 02/17/22   Page 113 of 161   Page ID #:113

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i) Any printed document required pursuant to a Standing or General Order;

        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii) Pleadings and motions that include points and authorities;

        iv) Demurrers;

        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi) Motions for Summary Judgment/Adjudication; and

        vii) Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California

Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing,

and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

114

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use
**STIPULATION – EARLY ORGANIZATIONAL MEETING**
Page 1 of 2
116

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   <span style="font-size:smaller">(INSERT DATE)</span>                                              <span style="font-size:smaller">(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          ➢ _____
        (TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)                **STIPULATION – EARLY ORGANIZATIONAL MEETING**        Page 2 of 2
LASC Approved 04/11

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a.  The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b.  Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

119

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

☐  Request for Informal Discovery Conference
☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save     Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | Clear |
|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

**124**

1    Whereas the Early Organizational Meeting Stipulation is intended to encourage

2    cooperation among the parties at an early stage in litigation in order to achieve

3    litigation efficiencies;

4    Whereas it is intended that use of the Early Organizational Meeting Stipulation

5    will promote economic case resolution and judicial efficiency;

6

7    Whereas, in order to promote a meaningful discussion of pleading issues at the

8    Early Organizational Meeting and potentially to reduce the need for motions to

9    challenge the pleadings, it is necessary to allow additional time to conduct the Early

10    Organizational Meeting before the time to respond to a complaint or cross complaint

11    has expired;

12

13    Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14    which an action is pending to extend for not more than 30 days the time to respond to

15    a pleading "upon good cause shown";

16

17    Now, therefore, this Court hereby finds that there is good cause to extend for 30

18    days the time to respond to a complaint or to a cross complaint in any action in which

19    the parties have entered into the Early Organizational Meeting Stipulation.  This finding

20    of good cause is based on the anticipated judicial efficiency and benefits of economic

21    case resolution that the Early Organizational Meeting Stipulation is intended to

22    promote.

23

24    IT IS HEREBY ORDERED that, in any case in which the parties have entered

25    into an Early Organizational Meeting Stipulation, the time for a defending party to

26    respond to a complaint or cross complaint shall be extended by the 30 days permitted

27

28

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

126

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 01/13/2022 |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | Sherri R. Carter, Executive Officer / Clerk of Court By _____ R. Clifton _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 22STCV01427 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

|  | ASSIGNED JUDGE | DEPT | ROOM |  | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Daniel S. Murphy | 32 |  |  |  |  |  |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 01/13/2022
(Date)

By R. Clifton _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**01/13/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. Avalos _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
John Michael Gardner

DEFENDANT:
County of Los Angeles et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
22STCV01427

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/13/2022 | Time: 8:30 AM | Dept.: 32 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___01/13/2022___

_____
Daniel S. Murphy / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Christopher Michael Morse
10405 San Diego Mission Rd
Ste 200
San Diego, CA 92108

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___01/13/2022___

By __N. Avalos__
_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

129

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Christopher Morse, Esq. (SBN 312248)
10405 San Diego Mission Road Ste 200
San Diego, CA 92108

TELEPHONE NO.: (661) 645-7241          FAX NO.:
ATTORNEY FOR *(Name):* John Michael Gardner

> To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
John Michael Gardner v. County of Los Angeles Sheriff's Dept, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 22STCV01427 |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Daniel Murphy DEPT: 32 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✓ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 18, 2022
Christopher Morse
(TYPE OR PRINT NAME)                                    *Christopher Morse*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2022 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk

Case 2:22-cv-01101   Document 1   Filed 02/17/22   Page 131 of 161   Page ID #:131

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN MICHAEL GARDNER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of Los Angeles<br>Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>22STCV01427 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher Morse, Esq. 10405 San Diego Mission Road Ste 200, San Diego, CA 92108; (858) 693-8833

| DATE: 01/18/2022 | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | M. Mariano *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form. 

[Print this form]  [Save this form]  [Clear this form]

131

Electronically FILED by Superior Court of California, County of Los Angeles on 01/24/2022 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

1  CHRISTOPHER MORSE, ESQ. Bar No. 312248
2  10405 San Diego Mission Road, Suite 200
   San Diego, CA 92108
3  Toll Free: (858) 693-8833
   Email: cm@jimcunninghamlaw.com
4  Attorneys for Petitioner JOHN MICHAEL GARDNER

5            **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
                **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**
6

7  | JOHN MICHAEL GARDNER, | Case No. 22STCV01427 |
   |---|---|
8  | Petitioner, | |
9  | v. | **PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4;** |
10 | | **MEMORANDUM OF POINTS & AUTHORITIES** |
   | COUNTY OF LOS ANGELES | **IN SUPPORT THEREOF; AND SUPPORTING** |
11 | SHERIFF'S DEPARTMENT; COUNTY | **DECLARATION OF CHRISTOPHER MORSE,** |
   | OF LOS ANGELES, a municipal entity; | **ESQ.** |
12 | and DOES 1 through 100, inclusive, | |
13 | | |
   | Respondents. | Date: May 4, 2022 |
14 | | Time: 8:30 AM |
15 | | Dept: 32 |
   | | Judge: Daniel Murphy |
16 | | CRS ID: 600892852618 |

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner JOHN MICHAEL GARDNER ("Petitioner"), under a full reservation of rights and without waiver of its position that Petitioner has complied with all requirements under the Government Claims Act (Gov. Code, §§ 900 et seq.) ("Act"), hereby submits this Petition under Government Code section 946.6 requesting that the Court issue an Order relieving Petitioner from the provisions of Government Code section 945.4, to the extent that it applies to Petitioner's action pending in this Court in Los Angeles County Superior Court Case No. 22STCV01427, and alleges as follows:

**PARTIES AND INTRODUCTORY STATEMENT**

1.   At all times relevant hereto, Petitioner was and is a resident of the County of Los Angeles, State of California ("County"), and was and is a competent adult. County was and is, and at all times herein mentioned, a duly chartered county of the State of California and a legal subdivision of the state charged with governmental powers.

2.   At all times relevant hereto, County of Los Angeles Sheriff's Department ("Department") is now, and at all times herein mentioned was, the official agency of the County charged with maintaining peace and order in the community. In its capacity as a peace-keeping agency, the Department is responsible for hiring and maintaining employees whose function is to protect and serve the public at large.

3.   At all times relevant hereto, Respondents County of Los Angeles and County of Los Angeles Sheriff's Department (together "Respondents") were and are the public agency employer of Petitioner.

4.   At all times relevant hereto, Petitioner was and is a nonsworn civilian worker employed by the Department. As such, Petitioner is a permanent employee and member of the civil service system of the County.

5.   On or around June 8, 2021, Petitioner filed with Respondents a claim for damages ("Claim"). On or around June 28, 2021, Respondents provided Petitioner with notice indicating that "the claim you presented to the County of Los Angeles, Board of Supervisors on June 8, 2021, as it pertains to activities occurring before June 8, 2020, is being returned because it was not timely presented." As a result, although Petitioner contends the claim was not late due to

equitable tolling principles and the delayed discovery rule, in an abundance of caution, on or around July 5, 2021, Petitioner filed an application for leave to present a late claim for damages under Government Code sections 911.4 and 911.6 ("Application"). A copy of Petitioner's Government Code Claim and Application to Present a Late Claim, respectively presented to Respondents on June 8, 2021 and July 6, 2021, are attached hereto as Exhibit A and incorporated by reference. On or around July 23, 2021, Respondents rejected Petitioner's Application. On or around August 16, 2021, Respondents rejected Petitioner's Claim. A copy of the County's first response to Petitioner's Government Code Claim and the County's subsequent denial of Petitioner's Government Code Claim and Application to Present a Late Claim dated June 28, 2021 and August 16, 2021 respectively, are attached hereto as Exhibit B and incorporated by reference.

6.   Petitioner's Claim is in relation to the action pending in this Court in Los Angeles County Superior Court Case No. 22STCV01427 and is based on causes of action for various forms of retaliation, harassment, discrimination, failure to take corrective action, and infringement of constitutional rights, some of which Petitioner discovered and/or had reason to discover accrued on or around April 2021.

7.   Furthermore, regarding Petitioner's causes of action for various forms of retaliation, harassment, discrimination, failure to take corrective action, and/or infringement of constitutional rights, which Petitioner discovered and/or had reason to discover prior to April 2021, Petitioner's presentation of a Government claim should be considered tolled or delayed while Petitioner has been required to exhaust his individual claims in the County's various disciplinary appeal processes.

8.   Petitioner's Application to Respondents was made within a reasonable time after the causes of action accrued, as more particularly shown in Petitioner's related action pending in this Court in Los Angeles County Superior Court Case No. 22STCV01427 and by the declaration of Christopher Morse, filed concurrently herewith. Further, there has been no prejudice to Respondents.

9. As set forth in more detail below, on March 20, 2020, Petitioner utilized the County's Office of Inspector General anonymous complaint process to report legitimate health and safety workplace concerns in relation to the COVID-19 pandemic. However, on March 26, 2020 Petitioner was pressured by his supervisors to reveal his identity as the anonymous complainer and on March 30, 2020 was punitively transferred. On or around April 15, 2020 the Department initiated an administrative investigation into Petitioner for his utilization of the Office of Inspector General anonymous complaint process, after representing that he would not be subjected to any investigations or administrative actions, and was not given formal notification of this administrative investigation until on or around April 29, 2021. As such, Petitioner only discovered on or around April 29, 2021 that the Department had been actively investigating him since on or around April 15, 2020. Consequently, after the delayed discovery of these Department actions, on June 8, 2021 Petitioner filed his Claim with the County.

10. Respondents, pursuant to statute and public policy, has the legal obligation to maintain a healthy and safe workplace free of harassment, retaliation and discrimination consistent with relevant local, state and federal health and safety and labor laws, including, but not limited to, Government Code Sections 12940, 12923, 12920, and 53298, Labor Code Sections 98.6, 232.5, 1102.5, 2699.5, 6310, 6399.7, 6400, 6401, 6402, 6403, 6404, and 6407, Civil Code Section 52.1, and 42 USC § 1983.

11. Although Petitioner contends he did not fail to present a claim within the six-month time limit under Government Code section 911.2, subdivision (a), due to equitable tolling principles such as the delayed discovery doctrine, if alternatively it is found the Claim was not presented within the six-month time limit, it was through surprise and/or excusable neglect due to the fact Respondents hid from Petitioner their unjustified retaliatory acts secretly being taken against Petitioner such that Petitioner could not reasonably discover, or through the exercise of reasonable diligence discover, such acts and omissions.

12. Respondents' actions taken to conceal, hide and/or suppress Respondents' various discriminatory, retaliatory and/or harassing conduct surreptitiously targeting Petitioner further delayed Petitioner's discovery of the harm caused by Respondents.

**JURISDICTION AND VENUE**

13. Subject to Code of Civil Procedure sections 394 and 410.10, the County of Los Angeles is a proper venue for this action, as the County is located there, Petitioner is located there, and the acts and omissions that are the subject of this Petition arose and occurred there.

**GENERAL ALLEGATIONS**

14. Respondents concealed the fact that Petitioner was placed under administrative investigation for over a full year, thereby preventing Petitioner from being able to present a timely claim with the County.

15. The basis for Petitioner's administrative investigation was based on Petitioner's utilization of the County's Office of Inspector General anonymous complaint process on March 20, 2020 to report legitimate health and safety workplace concerns in relation to the COVID-19 pandemic. On March 26, 2020, Petitioner was unduly coerced by his supervisors to reveal his identity as the anonymous complainer but was assured that no retaliation or administrative investigation would be undertaken against him.

16. However, Petitioner was transferred on March 30, 2020 against his wishes and on April 15, 2020, the Department initiated an administrative investigation against Petitioner, unbeknownst to him. **The Department did not notify Petitioner until April 29, 2021 about the pending administrative investigation initiated over a year earlier**.

17. Prior to April 29, 2021, Petitioner was not aware of any formal Department actions taken against him for his utilization of the County's Office of Inspector General complaint process. This April 29, 2021 notification triggered Petitioner's awareness of formal Department retaliation despite facing unspoken Department scrutiny and retaliation since April 15, 2020 and earlier.

18. Through no fault of Petitioner, Petitioner did not become aware until in or around April 2021 of Respondents' retaliatory conduct initiated on or around April 15, 2020. Upon Petitioner's delayed discovery of said conduct, Petitioner filed a timely Claim with Respondents on June 8, 2021.

19. However, in Respondents' June 28, 2021 initial denial of Petitioner's filed Application, Respondents provided that, "the claim you presented to the County of Los Angeles, Board of Supervisors on June 8, 2021, as it pertains to activities occurring from June 8, 2020 to December 7, 2020, is being returned because it was not presented within six months after the event or occurrence as required by law."

20. Only through the Department's malicious, intentional and deceptive actions was Petitioner unable to present a timely claim for damages and any untimeliness should be deemed excusable neglect considering the Department's actions taken to delay Petitioner's awareness of formal Department investigative efforts. ["The legislative intent in these provisions was to alleviate the harshness of strict compliance with the claims presentation period for minors, disabled persons, and persons excusably neglectful." *Viles v. State of California* (1967) 66 Cal.2d 24.]

21. Had the Department provided Petitioner with official notice of their initiation of a formal administrative investigation back in April 15, 2020 when they first commenced their investigation, which is standard Department practice, Petitioner would have been able to present a timely claim with the County regarding the Department's retaliatory conduct undertaken for his utilization of the County's Office of Inspector General anonymous complaint process to report legitimate workplace health and safety concerns.

22. The Department, through its agents/employees, falsely represented to Petitioner that no formal investigation would be conducted and that he was not under formal investigation which further prevented Petitioner from filing a timely complaint with the County in conjunction with the Department's formal initiation of their investigation on April 15, 2020 and its subsequent effect on his law enforcement career.

23. Respondents' such acts and omissions were intentional and willful, and caused substantial damage to Petitioner as alleged in the Claim underlying Petitioner's pending litigation against Respondents noted as Los Angeles County Superior Court Case No. 22STCV01427.

24. Furthermore, on or around December 6, 2021, during one of Petitioner's ongoing Los Angeles County Employee Relations Commission Arbitration appeal hearings, Petitioner learned

for the first time that sometime in or around mid-to-late 2020, the Department proactively reopened an administrative investigation that was closed and used to impose a 2 Days Suspension against Petitioner on or around May 16, 2019. This surreptitious request in 2020 was made over a year after the Department's imposition of Petitioner's 2-Days Suspension on May 16, 2019 and over 3 years after the Department first became aware of the facts related to this investigation on or around April 14, 2017.

25. The Department's 2020 reinvestigation of Petitioner's 2-Days Suspension was undertaken for the sole purpose of retaliating against Petitioner. To this day, Petitioner has not been provided any contents, summaries, notes or otherwise regarding what was uncovered pursuant to this 2020 reinvestigation of his 2-Days Suspension and still has not been given any formal notice that his case was even reopened. No information or explanation was provided by the Department regarding why Petitioner's 2-Days Suspension case was reopened in 2020.

26. The Department's retaliatory actions taken at some point in 2020 in relation to Petitioner's ongoing 2-Days Suspension disciplinary appeal were actively concealed by the Department and Petitioner would have never discovered or been made aware of the fact that Respondents reopened the investigation underlying his ongoing 2-Days Suspension disciplinary appeal but for the testimony provided by the Department's assigned detective, Detective Gerhardt Groenow, on December 6, 2021.

27. As a result, it was not until on or around April 29, 2021 that Petitioner discovered the Department's active investigation into him for his lawful utilization of the County's anonymous complaint process and on or around December 6, 2021 that Petitioner discovered the Department's reinvestigation of previous disciplinary investigations closed in 2019. Respondents intentionally prevented Petitioner from discovering information confirming these retaliatory, harassing and/or discriminatory actions taken by the Department against Petitioner. Furthermore, it was not until on or around December 6, 2021 that Respondents confirmed their intentional and explicit utilization of Department administrative disciplinary investigative and County disciplinary appeal processes in order to commit unlawful, inappropriate, harassing and discriminatory conduct towards Petitioner. As a result of this discovery, Petitioner submitted a

Claim to Respondents referring to the totality of his administrative mistreatment committed by Respondents throughout the majority of his Department career.

28. If the Court determines that Petitioner's Claim was required to be presented earlier than it was, Petitioner submits that his failure to do so was a result of mistake, inadvertence, surprise and/or excusable neglect because he had no good faith reason to believe that his Claim was not tolled during his disciplinary appeal administrative process, and for other reasons.

**PRAYER**

Petitioner respectfully requests that this Petition be granted and that this Court order that Petitioner be relieved from the requirements of Gov. Code Section 945.5.

**DATED**: January 21, 2022          Respectfully Submitted,

_Chris Morse_

_____
Christopher Morse, Esq.
Attorney for PETITIONER

**MEMORANDUM OF POINTS AND AUTHORITIES**

Government Code section 946.6 provides that in the event "an application for leave to present a claim is denied […] a petition may be made to the court for an order relieving the petitioner from Section 945.4." Relief from the six-month limit is granted under the same showing as is required for relief under Code of Civil Procedure section 473. "It is the well-recognized policy of the law to liberally construe remedial statues designed to protect persons within their purview, and the modern trend of judicial decisions favors granting relief unless absolutely forbidden by statute." (*Munoz v. State of California* (1995) Cal.App.4th 1767, 1778.)

Government Code section 946, which provides for relief from the claims filing requirements, is such a remedial statute and "as such, it is construed in favor of relief whenever possible." (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-76, citing *Viles v. State of California* (1967) 66 Cal.2d 24, 29.) The policy favoring trial on the merits is the primary policy underlying Government Code section 946.6. In order to implement this policy, any doubts should be resolved in favor of granting relief.

Here, however, the claim was in fact timely due to the fact that the delayed discovery doctrine or other doctrines alleged above tolled the statute of limitations for purposes of the claim filing requirement.

Ordinarily, a cause of action accrues "when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises…." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) Accrual of the cause of action for purposes of the government claims statute is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants. (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208-09.) Tolling doctrines apply equally to claim filings requirements. (See, e.g., *Safdie v. California* (S.D. Cal. Jan. 20, 2010) Case No. 09cv2352 DMS (JMA), 2010 WL 318401, *2.)

The delayed discovery doctrine modifies that rule and protects a plaintiff who is "blamelessly ignorant" of his or her cause of action by postponing accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. (*Leaf v. City of San Mateo* (1980) 104 Cal.App.3d 398, 406-08; *Norgart*, 21 Cal.4th at 397.) "In some situations, the

cause of action does not accrue from the 'occurrence of the last essential fact, nor from discovery of the damage to their property…but rather from the point in time when plaintiffs become aware of defendant's negligence as a cause, or could have become so aware through the exercise of reasonable diligence." (*Bastian v. County of San Luis Obispo* (1998) 199 Cal.App.3d 520, 527 citing *Leaf*, 104 Cal.App.3d at 408.) Courts have applied the doctrine of delayed discovery in a number of government claim cases. (See *Souza & McCue Const. Co. v. Super. Ct. of San Benito County* (1962) 57 Cal.2d 508, 511-12; *Bastian*, 199 Cal.App.3d at 527; *DeVore v. Cal. Highway Patrol* (2013) 221 Cal.App.4th 454, 462-63; *Kaslavage v. West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 536-37; *Dujardin v. Ventura County General Hosp.* (1977) 69 Cal.App.3d 350, 355.) "He who comes into Equity must come with clean hands." (*Blain v. Doctor's Co.* (1990) 222 Cal.App.3d 1048.)

The circumstances of this case warrant application of the delayed discovery doctrine or other doctrines, including, the last overt act doctrine, continuing violations doctrine, continuing accrual rule, unclean hands doctrine, and/or equitable tolling principles. Petitioner was "blamelessly ignorant" of his cause of actions against the County due to Respondents' actions, errors and omissions until on or around April 29, 2021 when, for the first time, Petitioner was able to confirm that the Department had violated one or more laws, and committed the various wrongs alleged herein, for retaliating, harassing and/or discriminating against him for his utilization of the Office of Inspector General anonymous complaint process to report legitimate health and safety workplace concerns. Although the Department initiated an administrative investigation into Petitioner for his utilization of the Office of Inspector General anonymous complaint process on or around April 15, 2020, it was not until April 29, 2021 that Petitioner received his official notice of investigation. Separate from the baseless reason for initiating this administrative investigation was the Department's deliberate failure to notify Petitioner of this pending administrative investigation in contradiction to the Department's standard policy of notifying subject employees of any pending administrative investigations.

1    Furthermore, on or around December 6, 2021, Petitioner was able to confirm that the

2    Department had violated one or more laws regarding their investigation of his utilization of the

3    Department's internal Policy of Equality complaint process when Counsel for Department and

4    Department Detective Gerhardt Groenow confirmed that the Department reopened his

5    disciplinary investigation at some point in 2020 after already imposing the relevant discipline on

6    Petitioner on or around May 16, 2019. Prior to December 6, 2021, Petitioner was unaware that

7    the Department was taking specifically harassing and discriminatory actions to reinvestigate

8    allegations of misconduct from 2017 that he had already received discipline for and without

9    providing any notification to Petitioner that any of these investigative steps were being taken.

10   In addition, prior to on or around April 29, 2021, Petitioner was unaware that

11   Respondents were intentionally utilizing County administrative processes in order to

12   purposefully harass, discriminate and/or retaliate against Petitioner. These actions represent

13   Respondents' utilization of internal administrative and investigative processes in order to commit

14   unlawful actions against Petitioner, regardless of whether administrative disciplinary appeal

15   processes are ongoing. Respondents' manipulation of County and Department investigative and

16   disciplinary appeal processes continues to cause specific harm to Petitioner and undermines any

17   failure to exhaust administrative remedy argument as Petitioner's continued involvement in

18   administrative appeal processes is only a function of Respondents' perpetuated retaliatory

19   conduct towards Petitioner and enables Respondents to further retaliate against Petitioner.

20   Caselaw provides that when pursuit of an administrative remedy would result in irreparable harm

21   or when the administrative agency cannot grant an adequate remedy, exhaustion of remedies may

22   not be required. (*Greenblatt v. Munro* (1958) 161 Cal. App. 2d 596, 605-607; *Abelleira v.*

23   *District Court of Appeal* (1941) 17 Cal. 2d 280, 296-297; *Endler v. Schutzbank* (1968) 68 Cal. 2d

24   162, 168; *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal. 2d

25   536, 543-544). In this case, Petitioner's utilization of Respondents' designated administrative

26   remedies has allowed Respondents to commit further irreparable harm towards Petitioner and

27   there is no administrative forum available for Petitioner to challenge purported "appropriate"

28   Department investigations that, while may not result in discipline, are utilized for years to justify

1   various retaliatory actions towards Petitioner. As a result, Petitioner was forced to file a Claim

2   with the County on or around June 8, 2021 and a complaint with the Los Angeles County

3   Superior Court, Case No. 22STCV01427, in order to preserve his rights and to prevent further

4   unlawful retaliation, harassment and/or discrimination from occurring during the pendency of

5   these ongoing administrative processes.

6          If the Court determines that Petitioner was required to and failed to file a Government

7   claim within six months of the accrual of his cause of action regarding harassment,

8   discrimination and/or retaliation for his utilization of the Department's internal Policy of

9   Equality complaint process, it is appropriate to grant him relief from the requirements of

10  Government Code section 945.4. Petitioner has been diligently participating in relevant

11  administrative appeal processes since 2019 and has since faced and/or discovered additional acts

12  of harassment, discrimination and/or retaliation during the Department's participation in

13  administrative appeal processes. As such, the discovery and accrual of Petitioner's claims were

14  only discovered through information discovered recently pursuant to these ongoing

15  administrative appeal processes. Respondents' actions have caused harm to Petitioner during the

16  pendency of his administrative processes and have also caused harm to Petitioner's

17  administrative processes. Many harms caused to Petitioner by Respondents during the pendency

18  of Petitioner's administrative appeal processes would not be deemed issues within the scope of

19  the administrative appeal process.

20         Petitioner should not be denied the right to sue because he is required to exhaust an

21  administrative process that is being specifically utilized and prolonged by Respondents to further

22  harass, discriminate and/or retaliate against Petitioner. Petitioner's current involvement in an

23  ongoing multi-year administrative process has already enabled Respondents to reopen

24  disciplinary investigations and take other unlawful actions in order to harass, discriminate and/or

25  retaliate against Petitioner. As these administrative processes continue, Respondents are enabled

26  to utilize these processes as vehicles to engage in unjustified harassment, discrimination and/or

27  retaliation. Respondents are causing continuing, repeated and future harm by engaging in a

28

1  continuous and repeated course of conduct causing Petitioner harm and damages. (See *Lee v. Los*
2  *Angeles County Metropolitan Transit Authority* (2003) 107 Cal.App.4th 848, 858.).

3        Furthermore, if Petitioner's Claim is deemed untimely, equitable tolling should be
4  applied in this case as no prejudice would be suffered by Respondents and Petitioner is a good
5  faith litigant whose causes of actions should survive in order to ensure fundamental practicality
6  and fairness as the "equitable tolling of statutes of limitations is a judicially created, nonstatutory
7  doctrine…'designed to prevent unjust and technical forfeitures of the right to a trial on the merits
8  when the purpose of the statute of limitations – timely notice to the defendant of the plaintiff's
9  claims – has been satisfied.'" (*Hopkins v. Kedzierski* (2014) 225 Cal. App. 4th 736, 746.)
10  Equitable tolling may apply when a claimant voluntary pursues alternate remedies. (*McDonald v.*
11  *Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 101.). The reason for allowing
12  equitable tolling while a claimant is pursuing other remedies "affords a defendant notice of the
13  claims against it so that it may gather and preserve evidence, and thereby satisfies the principal
14  policy behind the statute of limitations." (*Id.* at 102.). Here, Petitioner's delay in filing suit was
15  in good faith due to his delayed discovery of the full extent of Respondents' retaliatory actions
16  and his continued participation in relevant administrative disciplinary appeal processes. There is
17  also no prejudice to Respondents by moving Petitioner's case forward on all relevant causes of
18  action as Respondents have received timely notice of all causes of actions relevant to Petitioner's
19  case.

20        Ultimately, Respondents' unlawful utilization of internal Department investigative
21  processes to support discriminatory, retaliatory and/or harassing motives towards Petitioner was
22  not formally confirmed until on or around April 29, 2021 and subsequently on or around
23  December 6, 2021. As a result, Petitioner's Claim should not be deemed untimely. If the Court
24  agrees with this position, and accepts that Petitioner has claimed "delayed discovery" and
25  "delayed accrual" of his causes of action, this Petition is moot as Petitioner's Claim would be
26  deemed timely. If the Court disagrees and believes that Petitioner has not satisfied any relevant
27  filing deadlines, then Petitioner should be relieved of the requirements of Government Code
28  section 945.4 for all of the reasons explained above and this Petition should be granted.

**CONCLUSION**

WHEREFORE, Petitioner respectfully requests pursuant to Government Code section 946.6 that this Petition be granted and this Court order that Petitioner be relieved from the requirements of Government Code section 945.4, or alternatively, that no Petition seeking relief from Government Code section 945.4 is required.

However, if the Court believes that Petitioner's Government Claim was required to be presented to the County earlier, Petitioner respectfully requests that the Court find that he failed to do so for good cause as discussed above and relieve him from the requirements of Government Code section 945.4 or otherwise accept his Government Claim as timely.

**DATED**: January 21, 2022                    Respectfully Submitted,



Christopher Morse, Esq.
Attorney for PETITIONER

**SUPPORTING DECLARATION OF CHRISTOPHER MORSE**

I, Christopher Morse, declare:

1. I am an attorney at law duly licensed to practice before all Courts of the State of California and am the attorney of record for Petitioner John Michael Gardner in this petition.

2. I make this Declaration based upon my own personal knowledge and upon information and belief, and as to those matters, I declare them to be true. If I am called as a witness, I will competently testify as to the matters set forth herein.

3. Attached as Exhibit A is a true and correct copy of Petitioner's Government Code Claim and Application to Present a Late Claim, which was presented to the County of Los Angeles and its Board of Supervisors ("County") on June 8, 2021 and July 6, 2021, respectively.

4. Attached as Exhibit B is a true and correct copy of the County's initial response to Petitioner's Government Code Claim and the County's subsequent denial of Petitioner's Government Code Claim and Application to Present a Late Claim, dated June 28, 2021 and August 16, 2021, respectively.

5. It is Petitioner's position that the County has not been prejudiced in investigating Petitioner's claims arising from their own retaliatory actions taken against Petitioner throughout the course of the past 5 years. The County had access to relevant records at all times, has had the opportunity to investigate and has already investigated many of Petitioner's claims.

6. Petitioner has filed a separate Complaint arising from its allegations that the County has violated Government Code Sections 12940, 12923, 12920, and 53298, Labor Code Sections 98.6, 232.5, 1102.5, 2699.5, 6310, 6399.7, 6400, 6401, 6402, 6403, 6404, and 6407, Civil Code Section 52.1, and/or 42 USC § 1983, entitled J*ohn Michael Gardner v. County of Los Angeles, et al.*, Los Angeles County Superior Court Case No. 22STCV01427. Petitioner will seek to relate this petition to Los Angeles County Superior Court Case No. 22STCV01427.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 21st day of January, 2022, in Los Angeles, California.



Christopher Morse

# EXHIBIT A

# CLAIMS FOR DAMAGES TO PERSON OR PROPERTY

| | TIME STAMP OFFICE USE ONLY |
|---|---|

**COUNTY OF LOS ANGELES**



**INSTRUCTIONS**

1. Read claim thoroughly.
2. Fill out claim as indicated: attach additional information if necessary.
3. Please use one claim form for each claimant.
4. Return this original signed claim and any attachments supporting your claim. This form **must** be signed.

DELIVER OR U.S. MAIL TO:
EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS
500 WEST TEMPLE STREET, ROOM 383,
KENNETH HAHN HALL OF ADMINISTRATION, LOS ANGELES, CA 90012
(213) 974-1440

1 [X] Mr [ ] Ms [ ] Mrs    LAST NAME: **Gardner**    FIRST NAME: **John**    M I: **M**

2 ADDRESS OF CLAIMANT
**5200 Clark Ave. #1173**
CITY: **Lakewood**    STATE: **CA**    ZIP CODE: **90714**
HOME PHONE: **(424) 375-1331**    ALTERNATE PHONE:

3. CLAIMANT'S BIRTHDATE: **03/13/1993**    4 CLAIMANT'S SOCIAL SECURITY NUMBER: **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**

5 ADDRESS TO WHICH CORRESPONDENCE SHOULD BE SENT
**5200 Clark Ave. #1173**
STREET | CITY **Lakewood** | STATE **CA** | ZIP CODE **90714**

6. DATE AND TIME OF INCIDENT: **03/20/20 — PRESENT**

7 WHERE DID DAMAGE OR INJURY OCCUR?
**1441 Santa Anita Ave**
STREET | CITY **South El Monte** | STATE **CA** | ZIP CODE **91733**

8. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED AND LIST DAMAGES (attach copies of receipts or repair estimates):

On 3/20/20 LASD Law Enforcement Technician John Gardner submitted an anonymous OIG Complaint regarding a supervisor's disparaging and harassing remarks towards those who believed in COVID-19 and who were attempting to adhere to COVID-19 Health and Safety Protocols. To find out who filed the anonymous complaint, LET Gardner's supervisors sent a unit-wide email threatening criminal action to whoever filed the OIG complaint. As a result, LET Gardner's supervisor admitted that he filed the anonymous OIG complaint. LET Gardner's supervisor assured no administrative consequences but on 4/29/21 LET Gardner was informed that he was the subject of an administrative investigation for filing the OIG complaint ⊞

9 WERE POLICE OR PARAMEDICS CALLED?   YES [ ]   NO [X]

(IF YES) AGENCY'S NAME _____   REPORT # _____

CHECK IF LIMITED CIVIL CASE [ ]

TOTAL DAMAGES TO DATE: **$ 150,000.00**    TOTAL ESTIMATED PROSPECTIVE DAMAGES: **$ 300,000.00**

10 WHY DO YOU CLAIM COUNTY IS RESPONSIBLE?

The County, through LASD, has undermined the legitimacy of the County's Office of Inspector General Anonymous Complaint process and has intentionally retaliated against LET Gardner for using the anonymous OIG Complaint Process. LET Gardner's supervisors announced, through LASD email to the entire Mental Evaluation Team, that they would "move forward with a criminal referral, which will involve investigation, court orders and warrants to obtain IP and ISP information" in order to determine who filed the OIG anonymous complaint. In this email, the Department also referred to the basis of LET Gardner's anonymous OIG complaint as a "minor incident." Since being forced to reveal his identity as the anonymous complainant, LET Gardner has been refused multiple lateral transfers to more desirable positions, has had all work responsibilities reduced and was placed under administrative investigation for over a year without being provided any notice. LET Gardner's career and the entire OIG complaint process has been undermined by the County's actions in this case. ⊞

11 NAMES OF ANY COUNTY EMPLOYEE (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE)

| NAME | DEPARTMENT |
|---|---|
| Lt. John Gannon | Los Angeles Sheriff's Dept |
| Gabriela Ververa, Sergeant | Los Angeles Sheriff's Dept |

12 WITNESS(ES) TO DAMAGES OR INJURY. LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION

| NAME | PHONE |
|---|---|
| Christopher Morse, Esq. | (661) 645-7241 |

ADDRESS
4260 Via Arbolada Unit 223 Los Angeles, CA 90042

| NAME | PHONE |
|---|---|

ADDRESS

13 IF PHYSICIAN(S) WERE VISITED DUE TO INJURY, PROVIDE NAME, ADDRESS, PHONE NUMBER AND DATE OF FIRST VISIT FOR EACH

| DATE OF FIRST VISIT | PHYSICIAN'S NAME | | PHONE |
|---|---|---|---|
| | | | |
| STREET | | CITY | STATE | ZIP CODE |

| DATE OF FIRST VISIT | PHYSICIAN'S NAME | | PHONE |
|---|---|---|---|
| | | | |
| STREET | | CITY | STATE | ZIP CODE |

**THIS CLAIM MUST BE SIGNED**

*NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72)*

CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

14 PRINT OR TYPE NAME: ~~Christopher Morse~~ **JOHN GARDNER**    DATE: **06/04/2021**

15 SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT    DATE: **06/04/2021**

Revised 11 2016

148

The Law Offices of James J. Cunningham A.P.C.
Christopher Morse, Esq. SBN 312248
10405 San Diego Mission Road, Ste 200
San Diego, CA 92108
Toll Free: (858) 693-8833
Email: cm@jimcunninghamlaw.com

**BEFORE THE BOARD OF SUPERVISORS**

**COUNTY OF LOS ANGELES, STATE OF CALIFORNIA**

| | |
|---|---|
| JOHN GARDNER,<br><br>        Claimant,<br><br>vs.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>        Respondent. | Claim File No.: 21-4385170*001<br><br>**APPLICATION FOR LEAVE TO PRESENT LATE CLAIM** |

To the County of Los Angeles Board of Supervisors:

1. In response to County Counsel's letter dated June 28, 2021, Law Enforcement Technician John Gardner hereby applies to the County of Los Angeles for leave to present a late claim against the County of Los Angeles/County of Los Angeles Sheriff's Department, pursuant to Section 911.4 of the California Government Code.

2. John Gardner's reason for the delay in presenting his/her claim against the County of Los Angeles is as follows:

   a. John Gardner's County employer, the County of Los Angeles Sheriff's Department, concealed the fact that he was placed under administrative investigation for over a full year, thereby preventing John Gardner from being able to present a timely claim with the County.

   b. John Gardner utilized the County's Office of Inspector General anonymous complaint process on March 20, 2020 and was forced to reveal his identity as the

APPLICATION FOR LEAVE TO PRESENT LATE CLAIM          CLAIM FILE NO. 21-4385170*001

1

149

anonymous complainer on March 26, 2020 to his supervisors but was assured that no retaliation or administrative investigation would be undertaken against him.

c. However, John Gardner was transferred on March 30, 2020 against his wishes and on April 15, 2020, the Department initiated an administrative investigation against John Gardner, unbeknownst to him. **The Department did not notify John Gardner until April 29, 2021 about the pending administrative investigation**.

d. As a result, John Gardner filed this claim with the County in conjunction with his receipt of the Department's official notice provided on April 29, 2021 indicating that he was under formal administrative investigation.

e. Had the Department provided John Gardner with official notice of their initiation of a formal administrative investigation back in April 15, 2020 when they first commenced the investigation, **which is standard Department practice**, John Gardner would have been able to present a timely claim with the County.

f. Only through the Department's malicious, intentional and deceptive actions was John Gardner unable to present a timely claim for damages, which is demonstrative of the Department's subversive retaliation against John Gardner.

g. Prior to April 29, 2021, John Gardner was not aware of any formal Department actions taken against him for his utilization of the County's Office of Inspector General complaint process. This April 29, 2021 notification triggered John Gardner's awareness of formal Department retaliation despite facing unspoken Department scrutiny and retaliation since April 15, 2020 (and potentially earlier).

h. Through no fault of John Gardner was this claim presented untimely and any untimeliness should be deemed inadvertent excusable neglect considering the Department's actions taken to delay John Gardner's awareness of formal Department investigative efforts. ["The legislative intent in these provisions was to alleviate the harshness of strict compliance with the claims presentation period for minors, disabled persons, and persons excusably neglectful." *Viles* v. *State of California* (1967) 66 Cal.2d 24.]

i.   The Department falsely represented to John Gardner that no formal investigation would be conducted and that he was not under formal investigation which prevented John Gardner from filing a timely complaint with the County in conjunction with the Department's formal initiation of their investigation on April 15, 2020.

j.   In addition, the Department does not suffer prejudice by allowing John Gardner's claim to accrue as the Department should not be able to profit from actively concealing information that would have allowed John Gardner to present a more timely claim with the County. The Department should not benefit from their unclean hands in this case. ["He who comes into Equity must come with clean hands." *Blain v. Doctor's Co.* (1990) 222 Cal.App.3d 1048.]

k.   Based on all of the foregoing, the County should investigate and hold the Department accountable starting from the date of John Gardner's utilization of the Office of Inspector General anonymous complaint process, March 20, 2020, or alternatively, June 8, 2020, in conjunction with the one-year time limitation imposed by CA Gov. Code § 911.4, when investigating the issues of his claim.

3.   All notices and communications concerning this claim should be sent to: The Law Offices of James Cunningham APC, 10405 San Diego Mission Road Ste 200 San Diego, CA 92108; Attn: Christopher Morse, Esq. and/or cm@jimcunninghamlaw.com

WHEREFORE, claimant asks that you grant this application, deem the attached claim to have been presented on your receipt of this application, and act on the claim as required by Government Code section 911.6.

Dated: July 5, 2021                                 **Law Offices of James J. Cunningham APC**

_____

Christopher Morse, Esq.
Attorney for John Gardner

APPLICATION FOR LEAVE TO PRESENT LATE CLAIM          CLAIM FILE NO. 21-4385170*001

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of 18 and am not a party to the within action. I am employed by the Law Offices of James J. Cunningham in the County of San Diego, located at 10405 San Diego Mission Road, Suite 200 San Diego, California 92108.

On July 6, 2021, I served the following document(s) on the interested parties in this action:

**1)   JOHN GARDNER'S APPLICATION FOR LEAVE TO PRESENT LATE CLAIM**

The document(s) were served upon:

Executive Office of COLA Board of Supervisors
Attn: Claims
500 W. Temple Street, Room 383
Los Angeles, CA 90012

The documents were served by the following means:

(X) **BY MAIL** – I caused such document(s) to be delivered via first class mail to the above addresses

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, except as to those matters stated on information and/or belief, and as to those matters, I believe them to be true, and that this Declaration was executed on July 6, 2021, in Los Angeles, California.

_____
Christopher Morse

PROOF OF SERVICE - 1

152

# EXHIBIT B



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

June 28, 2021

Christopher Morse, Esq.
LAW OFFICES OF
JAMES J. CUNNINGHAM A.P.C.
10405 San Diego Mission Rd., Suite 200
San Diego, California 92108

|  |  |  |
|---|---|---|
| **Re:** | **Claim Presented:** | **June 8, 2021** |
|  | **File Number:** | **21-4385170*001** |
|  | **Your Client:** | **John Gardner** |

Dear Counselor:

The claim you presented to the County of Los Angeles, Board of Supervisors on **June 8, 2021**, as it pertains to activities occurring **before June 8, 2020**, is being returned because it was not timely presented.  A preliminary review of this matter indicates that your claim was presented more than one year after the event or occurrence.  See Sections 901 and 911.2 of the Government Code.  Because the claim was not presented within the time allowed by law, no action was taken on that portion of the claim.

Also, the claim you presented to the County of Los Angeles, Board of Supervisors on **June 8, 2021**, as it pertains to activities occurring **from June 8, 2020 to December 7, 2020**, is being returned because it was not presented within six months after the event or occurrence as required by law.  See Sections 901 and 911.2 of the Government Code.  Because the claim was not presented within the time allowed by law, no action was taken on that portion of the claim.

Your only recourse at this time as to that portion of your claim is to apply without delay to the County of Los Angeles, Board of Supervisors for leave to present a late claim.  See Sections 911.4 to 912.2, inclusive, and section 946.6 of the Government Code.  Under some circumstances, leave to present a late claim will be granted.  See Section 911.6 of the Government Code.

HOA.103307535.1

154

Christopher Morse, Esq.
June 28, 2021
Page 2


This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim.  Other causes of action, including those arising under federal law, may have different time limitations.

Also, the claim that you presented to the County of Los Angeles, Board of Supervisors on **June 8, 2021**, as it pertains to activities occurring **since December 8, 2020**, is being investigated.  We will advise you upon completion of that investigation.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

RODRIGO A. CASTRO-SILVA
County Counsel


By

EDWIN A. LEWIS
Principal Deputy County Counsel
Litigation Monitoring Team


EAL:ce

HOA.103307535.1

155

1        **PROOF OF SERVICE**

2        **File No. 21-4385170*001**

3     STATE OF CALIFORNIA, County of Los Angeles:

4          I am employed in the County of Los Angeles, State of California, over the age of eighteen
        years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of
5     Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6          That on **June 2ʲ , 2021**, I served the attached

7                    **NOTICE OF TRIAD LETTER**

8          upon Interested Party(ies) by placing  ☒  the original  ☐  a true copy thereof enclosed in a
        sealed envelope addressed  ☒  as follows  ☐  as stated on the attached service list:
9
                    Christopher Morse, Esq.
10                   LAW OFFICES OF
                    JAMES J. CUNNINGHAM A.P.C.
11                   10405 San Diego Mission Rd., Suite 200
                    San Diego, California 92108
12
              ☒     **By United States mail.** I enclosed the documents in a sealed envelope or package
13                   addressed to the persons at the addresses on the attached service list (specify one):

14          (1) ☐ deposited the sealed envelope with the United States Postal Service, with the
                    postage fully prepaid.
15
            (2) ☒ placed the envelope for collection and mailing, following ordinary business
16                   practices. I am readily familiar with this business's practice for collecting and
                    processing correspondence for mailing. On the same day that correspondence is
17                   placed for collection and mailing, it is deposited in the ordinary course of business
                    with the United States Postal Service, in a sealed envelope with postage fully
18                   prepaid.

19          I am a resident or employed in the county where the mailing occurred. The
            envelope or package was placed in the mail at Los Angeles, California:
20
            I declare under penalty of perjury under the laws of the State of California that the
21     foregoing is true and correct.

22          Executed on **June 2ʲ , 2021**, at Los Angeles, California.

23

24     _____          _____
        **(NAME OF DECLARANT)**            **(SIGNATURE OF DECLARANT)**
25

26

27

28

HOA.103307488.1

156



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

August 16, 2021

Christopher Morse, Esq.
LAW OFFICES OF
JAMES J. CUNNINGHAM A.P.C.
10405 San Diego Mission Rd., Suite 200
San Diego, California 92108

|  |  |  |
|---|---|---|
| Re: | **Claim Presented:** | **June 8, 2021** |
|  | **Application Presented:** | **July 6, 2021** |
|  | **File Number:** | **21-4385170*001** |
|  | **Your Client:** | **John Gardner** |

Dear Claimant:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **June 8, 2021**, as it pertains to activities occurring **since December 8, 2020**, was rejected by operation of law on **July 23, 2021**.  No further action will be taken on that portion of the claim.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim.  Other causes of action, including those arising under federal law, may have different time limitations.

Also, notice is hereby given that the application for leave to present a late claim that you presented to the County of Los Angeles, Board of Supervisors on **July 6, 2021**, was denied on **July 23, 2021**, in accordance with Government Code Section 911.6, subdivision (a).

HOA.103368364.1

157

Christopher Morse, Esq.
August 16, 2021
Page 2

      An investigation of this matter has failed to indicate that you have met the requirements under which an application to present a late claim would be approved. Therefore, no further action will be taken on this matter.

<div align="center">WARNING</div>

      If you wish to file a court action on this matter pertaining to activities occurring before **December 7, 2020**, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.

      This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

      You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

                Very truly yours,

                RODRIGO A. CASTRO-SILVA
                County Counsel

By

                EDWIN A. LEWIS
                Principal Deputy County Counsel
                Litigation Monitoring Team

EAL:nt

**PROOF OF SERVICE**

**File No. 21-4385170*001**

STATE OF CALIFORNIA, County of Los Angeles:

    I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

    That on **August** _/9_   , **2021**, I served the attached

**NOTICE OF HYBRID DENIAL OF LATE CLAIM APPLICATION LETTER**

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Christopher Morse, Esq.
LAW OFFICES OF
JAMES J. CUNNINGHAM A.P.C.
10405 San Diego Mission Rd., Suite 200
San Diego, California 92108

☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August** _/9_   , **2021**, at Los Angeles, California.

_____
**(NAME OF DECLARANT)**

_____
**(SIGNATURE OF DECLARANT)**

 Journal Technologies Court Portal

# Make a Reservation

JOHN MICHAEL GARDNER vs COUNTY OF LOS ANGELES, et al.

Case Number: 22STCV01427   Case Type: Civil Unlimited   Category: Other Employment Complaint Case
Date Filed: 2022-01-13   Location: Stanley Mosk Courthouse - Department 32

## Reservation

| | |
|---|---|
| Case Name:<br>JOHN MICHAEL GARDNER vs COUNTY OF LOS ANGELES, et al. | Case Number:<br>22STCV01427 |
| Type:<br>Motion for Order (PETITION FOR ORDER RELIEVING PETITIONER FROM PROVISIONS OF GOVERNMENT CODE SECTION 945.4) | Status:<br>RESERVED |
| Filing Party:<br>John Michael Gardner (Plaintiff) | Location:<br>Stanley Mosk Courthouse - Department 32 |
| Date/Time:<br>05/04/2022 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>600892852618 | Confirmation Code:<br>CR-RVCAE4ZWW2AUWUBEX |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Order (name extension) | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>Visa |
| Account Number:<br>XXXX0979 | Authorization:<br>08057D |

🖶 Print Receipt    ✚ Reserve Another Hearing    👤 View My Reservations

Chat

160

Copyright © Journal Technologies, USA. All rights reserved.